ORIGINAL

BONZER LAW GROUP
GREGORY L. BONZER, ESQ.
SBN# 237-096
846 N. CAHUENGA BLVD
BLDG "D"
HOLLYWOOD, CA 90038
Tel: (323) 993-5376
Fax: (323) 993-5616

Attorney for Defendant

FILED
Clerk
District Court

OCT 3 1 2005

For The Northern Mariana Islands
By_____
                    (Deputy Clerk)

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SOON OH KWON,<br><br>　　　　Defendant. | CR 98-00044 / CV 03-0029<br><br>**MOTION FOR RELIEF UNDER FED.R.CIV.P. 60(b)**<br><br>HEARING:<br><br>DATE:<br><br>TIME: |

　　　　Defendant Soon Oh Kwon ("KWON") hereby moves the Court for An Order Granting KWON's Motion § 2255 for Relief from Sentencing previously Denied by this Court, and subsequently, respectively taken by the Ninth Circuit on C.O.A. and thereafter Affirmed. KWON next filed Petition for Writ of Certiorari with Appendix that the Supreme Court failed to review, see copy of Writ of Certiorari with Appendix, attached hereto and incorporated herein by reference as Exhibit "A", which supports this Motion for Relief.

　　　　The instant relief which KWON seeks pursuant to Fed.R.Civ.P. 60(b) is both necessary and appropriate because the previous Motions and Appeals demonstrate the need to resolve issuable questions of facts concerning KWON's Plea of Guilt. KWON's failure to file proper pleadings is due to the inadvertence and excusable neglect of KWON who, at the time, attempted

1 | to file such as a <u>pro se</u> litigant but failed to adequately present the facts with his argument
2 | without proper counsel. As a result, KWON respectfully requests the following relief:

3     1. That the Court modify the February 1, 2000, Order Denying KWON's Motion to
4         Withdraw Guilty Plea and review the matter de novo, or in the alternative; an
5         evidentiary hearing and review with a fact finder the issues surrounding Kwon's
6         sentencing or,

7     2. Grant Motion § 2255.

10     DATED this 25th day of October, 2005

13                                                        BONZER LAW GROUP

16                                       Gregory L. Bonzer, Esq.
17                                       Attorney for Soon Oh Kwon
                                        846 N. Cahuenga Blvd
18                                       Bldg "D"
                                      Hollywood, CA 90038
19                                       Tel: (323) 993-5376
                                      Fax: (323) 993-5616

22 ///
23 ///
24 ///

## POINTS AND AUTHORITIES

### I

### THE REQUESTED RELIEF IS APPROPRIATE BECAUSE KWON FILED HIS PETITION FOR RELIEF IN PRO SE WITHOUT PROPER COMPREHENSION OF THE NATURE OF HIS GUILTY PLEA; AND, AS A RESULT FAILED TO FILE PROPER APPEALS SETTING FORTH ABUNDANT ISSUES OF FACT WHICH REMAIN UNRESOLVED AND IN DISPUTE UNDER THE RESPECTIVE DECISIONS

KWON seeks relief from the inadvertence and excusable neglect arising from his failures acting as his own counsel in pro se to Appeal his case in a legal manner. KWON, through his own inadvertence and excusable neglect as counsel has placed himself in jeopardy of serving an improper sentence do to his inadequacy to Appeal. Fed.R.Civ.P. 60(b) authorizes this Court to relieve a party from the consequences of the above conduct which otherwise will result in a forfeiture of KWON's constitutional rights, and review of this matter upon the just terms when presented with appropriate authority that there is a good cause for the Court to permit an act to be done when the failure was the result of excusable neglect.

After accepting Certiorari to resolve a conflict in the Courts of Appeal over the meaning of "excusable neglect", the U.S. Supreme Court held that an attorney's inadvertent failure to file a proof of claim by the bar date can constitute "excusable neglect" within the meaning of Rule 9006(b)(1). PIONEER at 507 U.S. 380, 387-397. Rule 60(b) at 507 U.S. 380, 387, 397. The Supreme Court went on to write as follows:

> "Contrary to petitioner's suggestion, Congress plainly contemplated that the courts would be permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control. This flexible understanding comports with the ordinary meaning of 'neglect...' which entrust broad equitable powers to the courts... In addition, this view is confirmed by the history of

the present bankruptcy rules, and is strongly supported by the fact that the phrase 'excusable neglect,' as used in several of the Federal Rules of Civil Procedure, is understood to be a somewhat "elastic concept.' PIONEER at 507 U.S. 380, 387-395."

The PIONEER evaluation of an attorney's inadvertent failure to file a timely proof of claim is on all fours with KWON's inadvertent failure to properly Appeal. Both implicate an attorney's failure under difficult circumstances to comply with the accepted standard of care and timeliness (remember KWON acted as his own attorney). Unless corrected as was the case in PIONEER, the neglect and inadvertence of KWON will lead to forfeiture of valuable rights which ought properly not be ignored in the instant matter. KWON's attempt to file Appeals demonstrated that he acted in good faith but was simply excusably negligent and inadvertent with regard to properly raising issuable questions of fact which still remained notwithstanding the Appeals.

Accordingly, it can be seen herein as was the conduct in PIONEER that the negligent conduct was within the control of the party seeking relief. Also, as per PIONEER both parties can be seen as acting in good faith as evidenced by KWON's timely filing of an inadequate legal document to set the record straight. Again, KWON simply did not have the legal skills and as a result, filed an insufficient Appeal as set forth in the Declaration of Gregory L. Bonzer. Moreso, Kwon did not have the capability to do the work properly, partially because he was mired by his English language skills which made it impossible for him to properly Appeal, as set forth in the declaration of Soon Oh Kwon. KWON is now represented by adequate counsel. There is no prejudice whatsoever at this stage to allow KWON's professional counsel to file appropriate Motions, since these Motions will be fully and properly prepared by adequate counsel.

Finally, PIONEER tells us that "excusable neglect" should be interpreted from common language and common sense. "[I]n defining the phrase excusable neglect, and the concept of inadvertence as seen by Congress, intends the words in its enactments to carry their ordinary, contemporary, common meaning." PIONEER at 113 S.Ct. at 1495 (quotations omitted). By using the word 'neglect,' the Court explained, 'Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness.' The Court concluded that 'at bottom is an equitable one, taking account of all

relevant circumstances surrounding the party's omission' – circumstances which include the risk of prejudice to the nonmoving party, the extent of the delay, and its potential effect on judicial proceedings, the reason for the delay and whether the moving party acted in good faith." For the reasons expressed herein, the equities aligned with the general meaning and application of the term 'excusable neglect' to the matter at bar as pointed out by the Circuit Court that the PIONEER exposition applies throughout the federal system and is applicable to the matter at bar. Reynolds v. Wagner, 55 F.3d 1426. In addition, Kwon has already served two thirds of an unwarranted sentence because of excusable neglect.

## II

### THE COURT SHOULD CONSIDER EQUITABLE PRINCIPLES IN THIS EXERCISE OF DISCRETION UNDER THIS RULE 60(b) MOTION

KWON further contends that the federal judicial policy inclines toward granting relief prayed for herein rather than denying it especially when no intervening rights have attached in reliance upon the February 1, 2000, order, except an unfair sentence KWON is serving.

It should next be noted that the instant type of matter is recognized in this jurisdiction to compel the greatest liberality. The reason is simple and obvious. Unless KWON is given an opportunity to file proper Motion, the case will be resolved without complete examination of the merits. Standard Enterprises, Inc., D.C.N.Y. 1987, 115 F.R.D. 38, 39. Likewise, it should be appreciated that Rule 60(b) should be recognized because of the remedial nature of Rule 60(b), the discretion of the District Court to Deny this Motion for Relief is limited in matters like the one at bar. Schwab v. Bullocks, Inc., C.A. 9th, 1974, 508 F.2d 353.

In closing, new counsel was appointed October 1, 2005. The instant Motion is made within three weeks of that appointment and approximately eight months after (February 10, 2005) the entry date that KWON's sentence was Affirmed. As a consequence, there can be no argument or prejudice somehow will result from delay should the motion be granted.

\

\
\

## III

## CONCLUSION

It is respectfully submitted that the failure of KWON to file proper Appeals was the result of excusable neglect and inadvertence. In order to avoid the forfeiture of rights and injustice herein, the instant relief should be granted and KWON should be allowed to withdraw his guilty plea or in the alternative, this Court should make its own inquiry by holding an evidentiary hearing to resolve any issues it may have.

DATED this 25th day of October, 2005.

BONZER LAW GROUP

Gregory L. Bonzer, Esq.
Attorney for Soon Oh Kwon
(c/o Ren-Mar Studios)
846 N. Cahuenga Blvd
Hollywood, CA 90038
Tel: (323) 993-5376
Fax: (323) 993-5616

| | |
|---|---|
| UNITED STATES, | CR 98-00044 |
| Plaintiff, | **MOTION FOR RELIEF UNDER FED.R.CIV.P. 60(b)** |
| v. | HEARING: |
| SOON OH KWON, | DATE: |
| Defendant. | TIME |

## DECLARATION OF GREGORY L. BONZER, ESQ.

I, Gregory L. Bonzer, Esq., declare that:

1. The facts stated herein below are personally known to me and I have firsthand knowledge of the same. If called as a witness I could and would competently testify thereto under oath.

2. I am an attorney at law duly licensed to practice in all the courts of the State of California and in this matter in the Ninth Circuit. I have become extremely familiar with a substantial portion of the pleadings and documents in this matter as well as having discussed with KWON all aspects of the matter. All of this has provided insight as concerns the Motion to Withdraw a not knowing or intelligent guilty plea.

3. As the Court is aware on February 1, 2000, the Court denied KWON's Motion to Withdraw his guilty plea. However, due to a circumstance which I do not fully understand, the Court allowed KWON's old attorney to withdraw based on ineffectiveness of counsel stated in the Motion to Withdraw and then reinstated counsel after Denying KWON's Motion to

Page 1 of 2

1  Withdraw Guilty Plea prepared by his new counsel. This conflicted representation and its impact
2  upon KWON coupled with his lack of skills in the english language made the Appeal process
3  regarding this Court's decision, is where he was acting pro se at a critical point in this execution
4  is the subject matter of this 60(b) Motion for Relief. It is evident that the pleadings he has filed
5  in this matter are inconsistent with the high standard of this Court, unless he is given the
6  opportunity to have professional assistance in this matter, the matter will effectively go
7  unaddressed. That certainly is not the policy of this jurisdiction or this Court. In addition,
8  KWON is not seeking an evidentiary hearing herein, the interpreter that Attorney Smith used at
9  the Court's taking of KWON's guilty plea will testify he was coerced.

12  I declare under penalty of perjury pursuant to 28 U.S.C. 1746 and under the laws of the
13  United States of America, that the foregoing is true and correct.

16  EXECUTED this ____ day of October, 2005, at Hollywood, California.

_____
Gregory L. Bonzer, Esq., Declarant

| | |
|---|---|
| UNITED STATES, | CR 98-00044 |
| Plaintiff, | **MOTION FOR RELIEF UNDER FED.R.CIV.P. 60(b)** |
| v. | HEARING: |
| SOON OH KWON, | DATE: |
| Defendant. | TIME |

### DECLARATION OF SOON OH KWON

I, Soon Oh Kwon, declare that:

1. I don't understand the English language.

2. I attempted to argue my case under Appeal <u>pro se</u> with the help of other inmates and without proper legal counsel.

3. I have spoken with the interpreter that was present during the coaching session prior to me entering a guilty plea and present at the Rule 11 colloquy. He is prepared to testify that my guilty plea was coerced, not knowing or intelligent; simply rehearsed at the instruction of then Attorney Smith.

I declare under penalty of perjury pursuant to 28 U.S.C. 1746 and under the laws of the United States of America, that the foregoing is true and correct.

EXECUTED this _____ day of October, 2005, at Taft, California.

_____
Soon Oh Kwon, Declarant

Page 1 of 1

# CERTIFICATE OF SERVICE

I, Yesenia Pinedo, assistant to attorney for Defendant, Soon Oh Kwon, hereby certify that on October 28, 2005, I caused to be served by Federal Express service hand-delivered envelopes containing one copy of the foregoing Defendant's Motion 60b For Relief to the following attorney of record:

> Gregory Baka, AUSA
> Office of the United States Attorney
> Department of Justice
> 3rd Floor, Horiguchi Bldng., Garapan
> Saipan, MP 96950

I declare, under penalty of perjury (Title 28 U.S.C 1746), that the foregoing is true and correct.

Dated this 28 of October, 2005.


GREGORY L. BONZER
Attorney for Defendant

By: _____
Yesenia Pinedo
Assistant to Gregory L. Bonzer