Docket Number _____

IN THE
## SUPREME COURT OF THE UNITED STATES

SOON OH KWON, *Defendant / Petitioner*,

v.

UNITED STATES OF AMERICA, *Plaintiff / Respondent.*

ON PETITION FOR WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS FOR THE
NINTH CIRCUIT

# PETITION FOR WRIT
# OF CERTIORARI

Barry L. Silver, Esq.

Law Offices of Barry L. Silver
1875 Century Park East
10th Floor, Suite 1000
Los Angeles, California 90067
Telephone: (310) 286-9400

Attorneys for Defendant/Petitioner

## *QUESTIONS PRESENTED*

1.  Whether the Ninth Circuit's Opinion that Petitioner Kwon received effective assistance of counsel – is accurate in light of significant issues raised on Appeal regarding the effectiveness of counsel and counsels' own admissions that they could not effectively represent Petitioner Kwon or his family effectively after he retained new counsel.

2.  Whether Petitioner Kwon's representation by counsel (Smith) violated his Sixth Amendment right to effective assistance of counsel.

3.  Whether Petitioner Kwon's Guilty Plea was knowing and intelligent and voluntary.

*PARTIES TO THE PROCEEDINGS*

The relevant parties to this proceeding are:

1. The United States of America, represented below by:

   Leonardo M. Rapadas
   United States Attorney
   Districts of Guam and
   NMI

2. The United States of America, represented herein by:

   Solicitor  General  of
   the United States

3. Defendant, Soon Oh Kwon, represented herein and below by:

   Barry L. Silver

## *TABLE OF CONTENTS*

**Page(s)**

Question Presented..................................................i

Parties to the Proceeding...........................................ii

Table of Contents....................................................iii

Table of Cited Authorities..........................................iv

Statement of Jurisdiction...........................................1

    A.    Opinions Below...................................1

Constitutional Provisions Involved...............................1

Statement of the Case...............................................1

    A.    Nature of Case.....................................1

    B.    Disposition in the District Court.................4

    C.    Facts Regarding Motion to Withdraw
            Guilty Plea and Substitution of New
            Counsel......................................7

    D.    Facts Regarding Motions to Withdraw as
            Counsel from Previous Attorneys.................10

Argument...........................................................13

    A.    Reasons for Granting the Writ..................13

            1.    Factual Distinctions....................14

2.      Legal Distinctions….…….…..……….27

Conclusion and Precise Relief Sought….…...……………....28

*TABLE OF CITED AUTHORITIES*

**Page(s)**

**CASES:**

Correale v. United States,
   479 F.2d 944, 947 (1st Cir. 1973)………..…..……….26

Hill v. Lockhart,
   474 U.S. 52, 106 S.Ct. 366 (1985)…...………………….....20

Holloway v. Arkansas,
   98 S.Ct. 1173, 1179 n.9 (1978)……..…….5, 22, 24, 26

Kercheval v. United States,
   274 U.S. 220, 224 (1927)…...…………….…...………24

McMann v. Richardson,
   397 U.S. 759, 771 (1970)……………………….....…2

Mempa v. Rhay,
   389 U.S. 128, 88 S.Ct. 253 (1967)……………….......2

Mickens v. Taylor,
   122 S.Ct. 1237, 1245
   (2002)…………………………………………………….25

Old Person v. Brown,
   312 F.3d 1036, 1039 (9th Cir. 2002)……………....…8

Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir.
   1984)………………………………….…….....................4, 9

Schell v. Witeck,
   218 F.3d 1021 (9th Cir. 2000)……………….…....…17

**CASES (Continued):**

Smith v. United States,
     321 F.2d 954, 955-56 (9th Cir. 1963)................26

Strickland v. Washington,
     466 U.S. 668, 687-91 (1984)................3, 19, 26

Wood V. Georgia,
     101 S.Ct. 1097 (1981)................25

United States v. Cronic,
     466 U.S. 648, 654 (1984)................2

United States v. D'Amore,
     56 F.3d 1202, 1204 (9th Cir. 1995)...........14, 15, 18

United States v. Espinoza,
     886 F.2d 1067, 1069 (9th Cir. 1988)................5, 18

United States v. Frazier,
     18 F.3d 778, 781 (9th Cir. 1994)................5, 18

United States v. Gonzales,
     113 F.3d 1026, 1029 (9th Cir. 1997)................15

United States v. Gonzales,
     214 F.3d 1109 (9th Cir. 2000)................17

United States v. Levy,
     25 F.3d 146 (1994)................16

United States v. McClendon,
     782 F.2d 785, 789 (9th Cir. 1986)................15, 18

United States v. Musa,
     220 F.3d 1096 (9th Cir. 2000)................17

**CASES (Continued):**

United States v. Nguyen,
      262 F.3d 998 (9th Cir. 2001).........................3, 19

United States v. Ray,
      731 F.2d 1361, 1365 (9th Cir. 1984)...................14

**STATUTES:**

28 U.S.C. § 1254.....................................................1

28 U.S.C. § 2253(c)(2)..........................................12

**CONSTITUTIONAL PROVISIONS:**

U.S. Const., amend. VI...................1-3, 14, 16-17, 19-20, 25

## PETITION FOR A WRIT OF CERTIORARI

Petitioner, Soon Oh Kwon, respectfully petition for a Writ of Certiorari to Review the Judgment of the United States Court of Appeals for the Ninth Circuit in this case.

## STATEMENT OF JURISDICTION

The Court of Appeals entered its Order on February 10, 2005. Petitioner invokes this Court's jurisdiction under 28 U.S.C. § 1254.

### A.    OPINIONS BELOW

The District Court's Opinion (per Alex R. Munson) Denying Petitioner's Motion to Withdraw Guilty Plea, Substitution of New Counsel was entered on February 1, 2000 (Appx. II) and the Ninth Circuit Court of Appeals' Denial of Appeal was entered on February 10, 2005 (Appx. I). Both are unpublished opinions.

## CONSTITUTIONAL PROVISION INVOLVED

The Sixth Amendment to the United States Constitution is the sole provision at issue in the instant case, and provides that:

- 1 -

> In all criminal prosecutions, the accused shall
> enjoy the right to a speedy and public trial by
> an impartial jury of the State and district
> wherein the crime shall have been committed,
> which district shall have been previously
> ascertained by law, and to be informed of the
> nature and cause of the accusation; to be
> confronted with the witness against him; to
> have compulsory process for obtaining
> witnesses in his favor, and to have the
> Assistance of Counsel for his defense.

U.S. Const. amend. VI (Appx. VII).

## STATEMENT OF THE CASE

### A.    NATURE OF THE CASE

The United States of America's Opening Brief (hereinafter referred to as "Government") argues that Attorney Smith provided Petitioner Kwon (hereinafter referred to as "Kwon") with effective assistance of counsel. This argument is defective for several reasons:

The right to effective assistance of counsel is concomitant to the constitutional entitlement to representation by counsel. McMann v. Richardson, 397 U.S.

- 2 -

759, 771 (1970); <u>United States v. Cronic</u>, 466 U.S. 648, 654 (1984).

The entitlement to effective assistance of counsel applies to representation during sentencing. See <u>Mempa v. Rhay</u>, 389 U.S. 128, 88 S.Ct. 254 (1967).

In the case at bar, Kwon was deprived of his right to the effective assistance of counsel at sentencing, as a result of the indisputable conflict between himself and court-appointed counsel (Smith). Government's Brief is conspicuously absent any challenges to Kwon's conflicted representation argument, whereby, "waiving" any future challenge. Moreover, because the Government concedes to the conflict between Kwon and Smith, and fails to refute the District Court's error to make an inquiry; there can be no dispute that Smith's performance was unreasonable under prevailing professional standards and there is certainly a reasonable probability that but for counsel's errors, the result would have been different. Thus, Kwon was established a Sixth Amendment violation and Smith's ineffectiveness meets both prongs under <u>Strickland v. Washington</u>, 416 U.S. 668, 687-91 (1984) ("a reasonable probability is a probability sufficient to undermine confidence in the outcome", <u>Strickland</u>, <u>supra</u>, at 694).

- 3 -

Simply put, under these circumstances, Smith had no business representing Kwon at his sentencing. In addition, all three attorneys representing Kwon and his family, subsequently, made motions to Withdraw after the "Substitution of Counsel" from Joseph A. Arriola (Kwon's new retained attorney) on February 23-25, 2000 was filed. See Substitutions of Counsel (Appx. V). The record further establishes the reasons to withdraw as counsel. Attorney Sorensen states: "that the statements contained in Defendant's (Kwon's) Affidavit supporting Motion To Withdraw Plea indicate that communication and trust between counsel and client have broken down to the point that **effective assistance** is no longer possible. See "Request to Withdraw as Counsel" (Appx. VI). The District Court Granted these Motions To Withdraw As Counsel, but then, after Denying Kwon's Motion To Withdraw (his) Guilty Plea; reinstated all three attorneys and let Kwon's new retained attorney withdraw! See United States v. Nguyen, 262 F.3d 998 (9th Cir. 2001) ("a defendant is denied the Sixth Amendment right to counsel when he is forced into a trial with the assistance of a particular lawyer with whom he is dissatisfied, with whom he will not cooperate, and with whom he will not, in any manner, communicate").

- 4 -

The District Court's actions adversely affected Kwon at sentencing, because Kwon was forced to be represented by Smith, on the unilateral agreement made by the three attorneys, that the newly retained Attorney Arriola would handle the eminent Appeal. This mistake required the Circuit Court to Remand back to the lower Court for an evidentiary hearing that the District Court suspiciously avoided without any inquiry.

B.    DISPOSITION IN THE DISTRICT COURT

The evidence presented to the Court found in Kwon's Affidavit, and the statements made by the three attorneys that withdrew, clearly constituted the need for the District Court to make some inquiry when confronted with a blatant conflict. Nowhere does the District Court discuss its obligation to Circuit authority or consider the holdings of Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir. 1994) ("The existence of an actual conflict cannot be governed solely by the perceptions of the attorney; rather, the court itself must examine the record to discern whether the attorney's behavior seems to have been influenced by the suggested conflict").

In addition, Smith had moral and legal duties and obligations to the Court, beyond his obligations to his client.

- 5 -

Smith's own assertions, coupled with those of Sorensen and Pierce, clearly demonstrate a conflict had erupted that was irreconcilable. In sum and substance, the District Court's failure to hold an evidentiary hearing, specifically on the conflict confronting the Court, demonstrates mistake or obduracy; violating established Ninth Circuit precedent that requires an evidentiary hearing, citing United States v. Frazier, 18 F.3d 778, 781 (9th Cir. 1994);[1] United States v. Espinoza, 886 F.2d 1067, 1069 (9th Cir. 1988);[2] also see Holloway v. Arkansas, 98 S.Ct. 1173, 1179 n.9 (1978).[3]

Here, it is very telling that the Government's argument was so tacit, and failed to address any of these very serious issues. Government's Brief totally relies on the Rule 11 colloquy taken by the Court. Perhaps most telling, Government's argument is belied by the fact that Kwon's responses to the Court were rehearsed and coerced by Attorney Smith. This is easily proven considering Smith used an interpreter named Ham Jun Young at his office the

---

[1] "[W]e must accept arguendo allegations against his appointed trial counsel as true. We then ask whether the allegations, if proved, would entitle him to the relief he seeks".

[2] "[W]hen a Defendant's allegations are based on evidence outside the record, an evidentiary hearing is required [,] especially when the merits of the allegations cannot be conclusively decided on the basis of documentary testimony and evidence in the record".

[3] "When a considered representation regarding a conflict in a client's interests comes from an officer of the Court, it should be given the weight commensurate with the grave penalties risked for misrepresentation".

- 6 -

day before sentencing to instruct Kwon on exactly how to answer the Court's questions. Mr. Young's recollection is vivid of Mr. Kwon and the meeting on October 4, 1999, at Smith's offices. Indeed, Young remembered how Smith instructed him to coach Kwon, and that Smith never explained to Kwon why it was necessary for Kwon to answer "yes" to everything that Judge Munson would ask, except to answer "no" when the judge asked, "has anyone promised you anything or attempted to force you into these admissions". The interpreter can corroborate what really happened to Kwon. Further, this establishes Smith also coerced Kwon into his plea colloquy, in the same way he persuaded Kwon to sign the plea agreement. Ham Jun Young is prepared to either submit an Affidavit to this Court, if the Court so Orders,[4] or testify at an evidentiary hearing to the fact that Smith **never explained** the consequences of Kwon's plea colloquy to him, therefore, rendering Kwon not knowing or intelligent; and merely going through the motions he rehearsed.

Simply put, Kwon was coached on what to say, but never understood the ramifications; and the interpreter will unequivocally set the record straight. After all, Smith

---

[4] Mr. Ham Jun Young worked for Smith and not directly for Mr. Kwon. Therefore, he has stated he would require a Court Order to give an Affidavit or a Subpoena to testify in this matter.

- 7 -

admitted when withdrawing as Kwon's counsel it would be difficult to continue representation of Kwon in light of the allegations contained in the Affidavits of Kwon and his family. In contrast, the District Court failed to find Kwon's testimony about the conflict credible and allowed Smith to continue representing Kwon without making any inquiry. Smith's own admissions revealed the conflict, so did both of the other attorneys, and even with the best evidence in front of the Court, the Court played down Kwon's assertions calling them "bold and improvable".

## C.. FACTS REGARDING MOTION TO WITHDRAW GUILTY PLEA AND SUBSTITUTION OF NEW COUNSEL

The finding by the District Court, when Denying Kwon's Motion to Withdraw Guilty Plea, ignores the law in the Circuit Court regarding credibility of previous attorney (Smith) to effectively represent Kwon "conflict-free" with respect to the case and subsequent sentencing. After Kwon's Motion to Withdraw Guilty Plea and for reasons set forth in his Affidavit, were heard; the District Court was required to make an in depth inquiry into the allegations made by Kwon about his previous attorney's (Smith's) representation and behavior in case. See Old Person v. Brown, 312 F.3d 1036,

- 8 -

1039 (9th Cir. 2002). Most telling, the District Court erred when Denying the Motion to Withdraw (Kwon's) Guilty Plea. This is because, for the purposes of Kwon's Motion; all allegations and inferences about Attorney Smith's representation, must be construed as true or the Court is required to have an evidentiary hearing to make its findings of fact and at least resolve any genuine issues raised by Kwon's Motion to Withdraw Guilty Plea. Instead, the Court abused its discretion Denying Kwon's Motion after all three attorneys withdrew citing effectiveness of counsel issue.

In sum and substance, Kwon's attempt to establish his innocence blew up in his face and he was left with ineffective assistance and severe conflict with counsel. Any conflict that existed between Kwon and Attorney Smith went right over the Court's head!, unquestioned. Similarly, reinstating Smith that same day as Kwon's attorney of record was a mistake. Just because Kwon's Motion to Withdraw Guilty Plea prepared by his new attorney (Arriola) was Denied, was no reason to keep Smith. During the 10-minute recess, when all the attorneys got together; they convinced Kwon he had better go back to Smith now because staying with Arriola would be like committing "judicial suicide" in front of Judge Munson and only delay things, making matters worse; thus, the conflict of interest issue went right over the attorneys'

- 9 -

heads as well.    Moreover, Arriola already had Kwon's $10,000.00 (Ten Thousand Dollar) retainer, so, together, the attorneys decided Arriola should handle Kwon's "inevitable Appeal" and Withdraw as attorney of record.    See <u>Sanders v. Ratelle,</u> 21 F.3d 1446, 1452 (9th Cir. 1994) ("The existence of our actual conflict cannot be governed solely by the perceptions of the attorney; rather, the Court itself must examine the record to discern whether the attorney's behavior seems to have been influenced by the suggested conflict").    In the instant case, the Court needed to address whether the genuine issues raised by Kwon's Motion to Withdraw (his) Guilty Plea established ineffectiveness of counsel and if a conflict between Kwon and Smith adversely affected representation because of differences clearly established by Kwon's apparent mistrust and dislike toward Smith.

For these reasons, as more fully set forth below, Kwon's sentence should be Set Aside and Remanded back to the District Court because his guilty plea was "not knowing or intelligent," and the ineffectiveness of counsel (Smith) is the most obvious.

D.    FACTS REGARDING MOTIONS TO WITHDRAW
      AS COUNSEL FROM PREVIOUS ATTORNEYS

- 10 -

On January 20, 2000, Kwon, his son Mo, and his wife Meng, filed a Motion requesting to Withdraw their Guilty Pleas and a Memorandum of Points and Authorities (Motion to Withdraw Plea, dated June 17, 2000) prepared by newly appointed counsel, Joseph A. Arriola. In their Joint Motion, the three Defendants argued that each should be allowed to withdraw from the Plea Agreement. The three pointed to a violation of 32(d) and argued that their guilty pleas were not entered "knowingly", "intelligently", or "voluntarily".

Kwon complained that the Plea Agreement he had signed and the one translated in the presence of a newly retained counsel Arriola were not the same documents, and that he had not understood the Plea Agreement he finally conceded to signing under very strong pressure from Smith. Kwon even alleged that the attorneys representing his family were equally confusing. Kwon claimed that his attorney had allowed the AUSA to tell Kwon that he had **"no chance of winning this case"** without drawing any response from Smith. Kwon stated that his attorney told him he should accept the plea offer because of the anti-Asian sentiment in the local community – and that he had entered into the Plea Agreement solely on the advice of counsel, but that he was not aware of the substance of the Plea Agreement and this made Kwon very distrustful of Smith.

- 11 -

On January 27, 2000, Smith; Richard W. Pierce, attorney for Mo Young Kwon; and Jay H. Sorensen, attorney for Ying Yu Meng; filed Motions requesting to Withdraw as Counsel of Records (see Motions to Withdraw, (Appx. VI).

On January 29, 2000, the Court posted a Notice of Orders; 1) Denying Motions to Withdraw Guilty Pleas; 2) Denying as moot Motions of Attorneys to Withdraw; 3) and Granted (newly appointed counsel for all these Defendants) Attorney Arriola's Oral Motion to Withdraw as Counsel of Record, putting Kwon right back to where he did not want to be in the first place. Subsequently, all three Defendants were sentenced on February 18, 2000. Based on the Guideline calculation contained in the Presentence Report and the stipulations contained in the Plea Agreement, the District Court sentenced Soon Oh Kwon to the high end of the guidelines, to 108 (one hundred eight) months of incarceration, and a term of three years supervised release; the Court imposed restitution in the amount of $45,000.00 (Forty-Five Thousand Dollars) to be paid to the [alleged] victims; perform 500 (five hundred) hours of community service; and payment of $100.00 (One Hundred Dollars) special assessment fee (the date above reflects the day the Order was posted, however, it was entered on February 1, 2000).

- 12 -

On July 2, 2002, Kwon's Appeal of his conviction was Affirmed (C.A. No. 00-10131).

On July 13, 2003, Kwon filed his Motion § 2255, and subsequently, on September 11, 2003, the District Court Denied Kwon's Petition and stated in the Order, on page 3 at 8-11: "for exactly the same reasons as the Court stated in its February 1, 2000, Order Denying then Defendant's Motion to Withdraw (his) Guilty Plea".

On October 10, 2003, Kwon's Motion for Reconsideration of his Motion § 2255 was Denied, again, for the same reason.

On November 7, 2003, Kwon's Motion for Certificate of Appealability [28 U.S.C. § 2253(c)(2)] was Denied and the District Court again recites the Order from February 1, 2000, Denying then Defendant's Motion to Withdraw (his) Guilty Plea as the reason.

On May 20, 2004, the Circuit Court issued an Order Granting Kwon's request for a Certificate of Appealability, for the issue whether Petitioner's guilty plea was rendered not knowing and voluntary due to the ineffective assistance of counsel.

- 13 -

## **ARGUMENT**

### A.    REASONS FOR GRANTING THE WRIT

The Supreme Court must decide whether Petitioner's guilty plea was rendered not knowing and voluntary due to ineffective assistance of counsel.

Petitioner Kwon asserts there was a serious attorney conflict affecting his case and sentencing when he hired a new attorney to withdraw his plea and filed Memorandum of Points and Authorities with Affidavit of Kwon in Support of Motion to Withdraw Guilty Plea on January 20, 2000. Moreover, all the issues pertaining to the ineffectiveness of counsel are squarely a result of serious differences between Kwon and his original attorney (Smith). Because of all the foregoing reasons argued herein, from the moment Kwon's new attorney (Arriola's) Motion to Withdraw Guilty Plea was Denied, the District Court erred when it inadvertently allowed no inquiry into the reasons for Kwon's actions when trying to replace Smith. In addition, the Court Granted Smith's Motion to Withdraw as Counsel; but then allowed Kwon's new attorney (Arriola) to Withdraw on Oral Motion. There can be no dispute a serious conflict exited between client and attorney (Smith), affecting Kwon's right to effective assistance of counsel because of the reasons stated

- 14 -

in Kwon's Affidavit at the most critical stage of Kwon's case.

Had the District Court even made the slightest inquiry into the problems between Kwon and Attorney Smith which resulted in Kwon wanting to withdraw his plea; the Court unequivocally would have determined there existed vast differences affecting Kwon's right to effective assistance of counsel.

### 1.    *Factual Distinctions*

Indeed, Kwon was desperate when he sold his last asset (car) to raise money to retain new counsel (Arriola), only to have the Court acquiesce to an agreement that allowed the old attorneys, that were the object of Kwon's Complaint(s), to continue to represent Kwon and his family without even the slightest inquiry into the conflict alleged in the Motion s filed by the newly retained attorney (Arriola). The District Court did Grant the Motions to Substitute Arriola for Smith; then the Court reversed itself and allowed Smith to continue representation of Kwon after the serious allegations contained in the various Motions and Affidavit filed by Kwon were brought into the record.  There can be no question the Court abused its discretion.    "The Sixth Amendment, which grants criminal defendants a qualified

- 15 -

constitutional right to…counsel of choice". <u>United States v.</u> <u>D'Amore</u>, 56 F.3d 1202, 1204 (9th Cir. 1995) (citing <u>United</u> <u>States v. Ray</u>, 731 F.2d 1361, 1365 (9th Cir. 1984). "Before the district court can engage in a measured exercise of discretion, it must conduct an inquiry adequate to create a 'sufficient basis for reaching an informed decision'". <u>D'Amore</u>, 56 F.3d at 1205 (quoting <u>United States v.</u> <u>McClendon</u>, 782 F.2d 785, 789 (9th Cir. 1986).

When Kwon learned the actual content of the Plea Agreement he had entered under the advise and pressuring of Smith, Kwon immediately retained a new attorney (Arriola) and made all appropriate Motions alleging that his old attorney (Smith) had forced him to plead guilty against his express wishes, telling Kwon that the community was biased against Asians and threatened him that his family would suffer greater harm if he did not to take the Plea Agreement offered. In addition, these threatening statements were made in the presence of the AUSA. In <u>United States v. Gonzales</u>, 113 F.3d 1026, 1029 (9th Cir. 1997), the Court faced with a similar situation wherein, the Defendant alerted the Court; the Court held that "[W]hat ever conflict may

have existed between Gonzalez (Kwon) and his attorney going into the sentencing hearing, the district court created one when it questioned Gonzalez's attorney in open court

- 16 -

with Gonzalez present.  When the Court invited his attorney (Smith) to contradict his client and to undermine his veracity, Gonzalez [Kwon] was left to fend for himself.... Consequently, [Gonzalez] [Kwon] was denied the effective assistance at the [sentencing] hearing".  United States v. Sanchez-Barreto, 93 F.3d 17, 22 (1st Cir. 1996).  The Sixth Amendment guarantees the right to effective assistance of counsel at all critical stages of a criminal proceeding.  In his Motion § 2255, Kwon alerted the Court to the fact that he had effectively been left without counsel at the time that the Court went through the curious exercise of allowing his retained counsel to agree to Withdraw as Counsel of Record; and permit the attorney (Smith) to continue to represent Kwon, after Smith filed a Motion to Withdraw as Counsel of Record for Kwon, asserting Smith's ineffectiveness was the very reason Kwon was forced to retain new representation (Arriola).

There can be no dispute that a genuine issue was raised by Kwon about Smith's representation that required the District Court to exercise its broad equitable power and make an inquiry.  The Second Circuit in United States v. Levy, 25 F.3d 146 (1994), gave a "shorthand" summation of Supreme Court precedent requiring the trial court to conduct an inquiry.

- 17 -

Kwon presented Affidavits taken under the penalty of perjury prepared by his new attorney Arriola. The Affidavits established that Attorney Smith had overcome Kwon's will and coerced Kwon by using a deadline of that evening to get him to enter into the government's plea offer. The Affidavits clearly indicate that Kwon went through an extraordinary sacrifice to raise money to retain Arriola, and that Kwon's approval was not given in relation to Dismissing Arriola from the District Court Proceedings; nor in relation to whether he objected to allowing Smith to continue the complained of representation. Indeed, had the Court performed any due diligence into Kwon's reasoning regarding the conflicted client/attorney relationship between Kwon and Smith; but instead ignored Kwon's pleadings and those of the old attorneys; calling Kwon's assertions "bald and unprovable" and neglected Circuit authority. See <u>Schell v. Witeck</u>, 218 F.3d 1021 (9th Cir. 2000) & <u>United States v. Gonzales</u>, 214 F.3d 1109 (9th Cir. 2000), 9th Circuit established that the failure to hold an evidentiary hearing on the "conflict issue" would be treated as "constructive denial" of counsel implicating the Sixth Amendment.

In <u>United States v. Musa</u>, 220 F.3d 1096 (9th Cir. 2000), the Ninth Circuit reviewed a District Court's decision involving the Trial Court's rejection of Defendant's request

- 18 -

for substitution of appointed counsel; "Without inquiring into Musa's reasons for the request, the court rejected it.... 'While a court has the discretion to deny such a request, before the district court can engage in a measured exercise of discretion, it must conduct an informed decision'". Also see D'Amore, Supra, at 1202 and McClendon, Supra, at 787.

The Ninth Circuit has consistently held: "[W]e must accept arguendo [Kwon's] allegations against his appointed trial counsel as true. We then ask whether the allegations, if proved, would entitle him to the relief he seeks". United States v. Frazier, 18 F.3d 778, 781 (9th Cir. 1994). Moreover, "[W]hen a defendant's allegations are based on evidence outside the record, an evidentiary hearing is required [,] especially when the merits of the allegations cannot be 'conclusively decided on the basis of documentary testimony and evidence in the record'". United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988).

In the case at bar, the District Court is Dismissing Kwon's Motion on the basis of an exchange between the Court and Kwon without regard for the "coaching" Kwon claims counsel instructed him to tell the Court. See Affidavit of Kwon. The Court likewise fails to take into account the Affidavit of Lee Byungkoo, asserting that Kwon did not

- 19 -

know the contents of the Plea Agreement he entered or the punishment he was to receive.

The evidence presented at the hearing on January 27, 2000, was substantial and clearly demonstrated merit to Kwon's Motion to Withdraw Guilty Plea. However, the Court completely disregards the facts it allowed Smith to Withdraw as Counsel after being served with Kwon's pleadings. In addition, Smith's Motion to Withdraw as Attorney of Record cited the exact same reasons for requesting to Withdraw; comporting with Kwon's statements in his Affidavit and Motion to Withdraw (his) Guilty Plea.

In summary, the Circuit Court incorrectly asserts that these genuine issues brought to the District Court for an inquiry by Kwon were decided at this earlier proceeding on January 27, 2000. The District Court seriously erred when it failed to consider relevant controlling Circuit authority, held' by the Circuit Court in United States v. Nguyen, 262 F.3d 998 (9th Cir. 2001), holding that "A defendant is denied the Sixth Amendment right to counsel when he is forced into a trial with the assistance of a particular lawyer with whom he is dissatisfied, with whom he will not cooperate, and with whom he will not, in any manner communicate".

The Affidavit of Kwon and that of Lee Byungkoo clearly establish that Smith's advise to Kwon regarding the

- 20 -

Plea Agreement, or lack thereof, was deficient under the Strickland standard to achieve a desirable outcome in Kwon's case. See Strickland v. Washington, 466 U.S. 668 (1984).

Smith had the duty to advise his client fully on whether a particular plea to a charge appears to be desirable. In Kwon's case, the 108 (one hundred eight) months sentence he received could not have been viewed as desirable, when the statutory maximum for his offense was 120 (one hundred twenty) months [10 (ten) years].

Kwon's argument is predicated on a claim of ineffective assistance of counsel. Kwon alleges that he was denied the effective assistance of counsel guaranteed by the Sixth Amendment because of his attorney coerced him into entering into a Plea Agreement. The Supreme Court has addressed the interrelationship of ineffective assistance of claims and guilty please in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985).

In the case at bar, the District Court was aware that a conflict had erupted between Smith and Kwon. Kwon's cousin had come to visit him and asked Kwon to show him a copy of the Plea Agreement he had signed. Lee Byungkoo, Kwon's cousin was surprised to learn that Kwon did not have a copy of the Plea Agreement and suggested that they go to

- 21 -

Smith's office and ask for one.  Smith was reluctant to discuss or show the Plea Agreement to the group and became agitated and obstinate at their insistence.  Kwon was shocked to learn that he had entered into a binding Plea Agreement that stipulated to 108 (one hundred eight) months of incarceration and waived various rights.  Kwon felt betrayed and asked Smith to explain why he had not told him the specifics about the Plea Agreement.  Smith could do nothing but display annoyance and confusion.   Immediately upon leaving Smith's office, Lee Byungkoo told Kwon that he would need to hire another attorney if he wanted to Withdraw his Plea Agreement.   Kwon had seen an attorney named Joseph Arriola on television and made an appointment to promptly retain him to Withdraw the Plea Agreement.  Kwon explained the circumstances surrounding the case to Arriola and made clear that he had serious issues over his guilty plea. Arriola went about preparing various Motions, including an Entry of Appearance; various Affidavits; and presentencing Motion to Withdraw Guilty Plea.  Arriola correctly argued that the "fair and just" standard should apply because Kwon was asserting his innocence; withdrawal was not going to be prejudicial; and the strength of reasons for the withdrawal were a conflict with Smith.  Arriola cited all the appropriate controlling case law.  Arriola argued that the plea was not

- 22 -

knowing, voluntary nor intelligent, and cited the three factors necessary to Withdraw Kwon's Plea Agreement.

Immediately after Kwon's Motion to Withdraw Guilty Plea was Denied, suspiciously, Arriola made an Oral Motion to the Court to Withdraw as Attorney of Record even though, Smith filed a request to Withdraw as Counsel, which was Granted earlier. Smith's Withdrawal correctly stated: "The retention of Arriola and the filing for a withdrawal of plea, coupled with the filed Affidavit of Kwon, are materially inconsistent with continued representation. [] Similarly, professional considerations required termination of representation". Without more, Smith's statement clearly demonstrates a conflict with his client ignored by the Circuit Court.

Despite the fact that Kwon had gone so far as to retain new counsel and filed a Motion to Withdraw Guilty Plea, the Court failed to inquire into the possibility that a conflict may exist between Smith and his client Kwon. The Court failed to ever take into consideration that Kwon was uneducated in U.S. law and in inexperienced foreigner. The Supreme Court establishes this precedent in Holloway v. Arkansas, 98 S.Ct. 1173, 1179 n. 9 (1978): "When a considered representation regarding a conflict in a clients' interests comes from an officer of the court, it should be

- 23 -

given the weight commensurate with the grave penalties risked for misrepresentation". In the case at bar, Smith had an ethical, moral and professional responsibility to alert the Court of his conflicted relationship with Kwon. The Court likewise failed to hold an evidentiary hearing to inquire into the reasons for having retained new counsel.

After the Court Granted Arriola's Entry of Appearance, as attorney of record, and allowed Kwon's previous attorney (Smith) to stay on as standby counsel; the Court sat by and watched the theatrics between the different attorneys involved in the case while they decided to circumvent the clearly manifested intent of Kwon to replace previous counsel (Smith) with newly retained counsel (Arriola); all without the most minimum inquiry by the District Court, or Court intervention of any kind to preserve Kwon's constitutional rights. The Court was indifferent to the fact that Kwon's contractual interests with Arriola had been subverted in his presence; still, no inquiry of any kind. The Court failed to ask why Kwon wanted to withdraw his guilty plea.

Instead, the Court disregarded the possibility that Kwon might have been duped into reciting the things his previous attorney (Smith) had indoctrinated him into saying and went on to comment on that: "The court accepted the

- 24 -

individual guilty pleas and separate and distinct plea agreements entered by each of the three defendants". "The transcript will reflect those defendants, and each of them, repeatedly expressed, under oath that they fully understood what they were doing and were undertaking the pleas of guilty and entering their respective Plea Agreements intelligently, knowingly, and voluntarily, with a full understanding of the various avenues open to them and the consequences of their choice". On that basis the Court found that there was no "fair and just reasons" for Granting Kwon's Motion to Withdraw (his) Guilty Plea and his Plea Agreement. There can be no question that a Motion to Withdraw a guilty plea should be Granted "if for any reason the granting of the privilege seems just and fair", see <u>Kercheval v. United States</u>, 273 U.S. 220, 224 (1927). The <u>Kercheval</u> standard is flexible; many factors can be identified to bear on the Court's discretion: the primary consideration under <u>Kercheval</u> would be the effects of timing on the government's ability to retry the case. However, the allegations contained in Kwon's Affidavit were Sworn Statements stating that Kwon had a conflict of interest with his attorney of record (Smith). Kwon was in fact posting a strong objection regarding the representation he was receiving from Smith. Even still, the Court ignored his

- 25 -

Motion.  Kwon was complaining about the competency of his attorney and the Court ignored his alarm.  In <u>Holloway, Supra,</u> at 1173, the Court held that, "Failure to request to appoint separate counsel or to evaluate risked held to violate Sixth Amendment violations of right to counsel cannot be harmless".

The Supreme Court held in <u>Wood v. Georgia</u>, 101 S.Ct. 1097 (1981) that, "Where a constitutional right to the effective assistance of counsel exists, Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interests".

In the case at bar, Kwon did all that anyone could reasonably expect, at great expense; of him to do, to rid himself of inadequate counsel.  The Court had an obligation to address the reasons for Kwon's request.  Smith endorsed a Plea Agreement that was unenforceable by the Court or the government after Kwon was coerced, and now Kwon was adversely affected by a lengthy and undesirable sentence.  Under <u>Mickens v. Taylor,</u> 122 S.Ct. 1237, 1245 (2002), Kwon can show that he and his attorney, in fact, had a conflict of interest also affecting Smith's representation of Kwon.  Smith's representation of Kwon fell well below the reasonable standard required to be effective, when Smith

- 26 -

delivered his client on a "silver platter" to either curry favor with the AUSA or just his lack of interest to continue.

Kwon respectfully submits that the Court had an obligation to inquire into the possibility that a conflict existed and whether it had affected his constitutional rights, thereby establishing ineffectiveness of counsel and prejudice under Strickland. In addition, "When a trial court is made aware of an attorney's actual or potential conflict of interest, Supreme Court precedent requires that the trial court 'either appoints separate counsel or...take adequate steps to ascertain whether the risk was too remote to warrant separate counsel'". See Holloway, Supra, at 1176.

Moreover, Kwon having been coerced under pressure by Smith, causing him to enter into an illegal Plea Agreement is not that uncommon in these types of prosecutions. Thus, when a Defendant has entered a plea bargain contemplating an illegal sentence, the Defendant is generally entitled to withdraw his guilty plea. See Correale v. United States, 479 F.2d 944, 947 (1st Cir. 1973), where the Court held that, "Even when a defendant, prosecutor, and the court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law". In addition, in Smith v. United States, 321 F.2d 954, 955-56 (9th Cir. 1963), this Court held that, "Because the plea bargain is based on a promise the Court

- 27 -

lacks authority to fulfill, and the defendant was induced to plead guilty by that promise, plea withdrawal is necessary to return the parties to their initial positions". Here, there can be no dispute, Kwon relied on the promise of effective assistance of counsel from Smith, candid disclosure and conflict-free representation. What Kwon received is a violation of his Constitutional right.

2.    *Legal Distinctions*

In the case at bar, Smith helped the government corral his client into an undesirable Plea Agreement. The conflict between Kwon and Smith became irreconcilable in Kwon's mind and forced Kwon to hire Arriola. Moreso, Smith failed to pursue the defense he promised Kwon, thereby, abrogating the defense he was obligated to pursue. On the one hand, it becomes obvious that the conflict arose when Smith decided to have Kwon plead guilty and forgot the promises made when he was employed by of Kwon. On the other hand, the decision of the District Court, not allowing Kwon to proceed with the attorney of his choice (Arriola), retained by Kwon; merely allowed the entire judicial process to breakdown, hoodwinking Kwon into an even more difficult situation when the Court obviously became infuriated at his attempt to discharge Smith and withdrawing his plea. The Court lost its

- 28 -

impartiality by confusing the "authenticity" of Kwon's actions, for "audacity".

In summary, the Supreme Court should exercise its broad equitable powers by giving full force and effect to Kwon's Writ of Certiorari. There can be no dispute the Circuit Court failed to recognize its Constitutional responsibility to protect Kwon's right to conflict-free effective representation at all critical stages of his case.

## CONCLUSION AND PRECISE RELIEF SOUGHT

Based on the foregoing, Petitioner respectfully requests that a Petition for a Writ of Certiorari be Granted.

RESPECTFULLY Submitted this 6TH day of May, 2005.

LAW OFFICES OF BARRY L. SILVER

By: _____
Barry L. Silver, Esq.

Attorney for Defendant/Petitioner

- 29 -