Docket Number _____

IN THE
## SUPREME COURT OF THE UNITED STATES

SOON OH KWON, Defendant / Petitioner,

v.

UNITED STATES OF AMERICA, Plaintiff / Respondent.

ON PETITION FOR WRIT OF CERTIORARI TO THE
UNITED STATES COURT OF APPEALS FOR THE
NINTH CIRCUIT

# APPENDIX FOR WRIT

# OF CERTIORARI

Barry L. Silver, Esq.

Law Offices of Barry L. Silver
1875 Century Park East
10th Floor, Suite 1000
Los Angeles, California 90067
Telephone: (310) 286-9400

Attorneys for Defendant/Petitioner

*TABLE OF APPENDICES*

Page(s)

I.   NINTH CIRCUIT COURT OF APPEALS
     ORDER DENYING APPEAL.........................1-2

II.  DISTRICT COURT ORDER DENYING
     MOTION TO WITHDRAW GUILTY PLEA
     AND SUBSTITUTION OF NEW COUNSEL.......3-6

III. GUILTY PLEA AGREEMENT.....................7-16

IV.  MOTION TO WITHDRAW GUILTY PLEA....17-29

V.   MOTION FOR SUBSTITUTION OF NEW
     COUNSEL (Arriola)................................30-32

VI.  MOTIONS TO WITHDRAW AS COUNSEL
     BY PREVIOUS ATTORNEYS.................…33-34

VII. SIXTH AMENDMENT.................................35

VIII. REPORTER'S TRANSCRIPT OF
     DEFENDANTS' MOTION TO WITHDRAW
     PLEAS AND MOTION TO WITHDRAW AS
     COUNSEL...............................................36-68

i

**FILED**

NOT FOR PUBLICATION

FEB 10 2005

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLEI
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 03-17185 |
| Plaintiff - Appellee, | D.C. No. CV-03-00029-ÁRM |
| v. | |
| SOON OH KWON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Alex R. Munson, Chief Judge, Presiding

Submitted February 7, 2005**

Before:    FERNANDEZ, GRABER, and GOULD, Circuit Judges.

Soon Oh Kwon appeals the district court's order denying his 28 U.S.C.

§ 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

\* This disposition is not appropriate for publication and may not be cited
to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

A00001

Kwon contends that his guilty plea was not knowing and voluntary because his counsel provided ineffective assistance because counsel pressured him to plead guilty by telling him that it would be better for his family and that he would not prevail if he went to trial. Even if these allegations are true, such "pressure" does not constitute constitutionally deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 688-89 (1984) (noting that a defendant must show that counsel's conduct fell outside the wide range of reasonable conduct in order to be considered constitutionally deficient).

Kwon also contends that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim. We review the district court's denial of an evidentiary hearing for abuse of discretion, and find none. *See United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). Because Kwon has failed to allege any specific factual allegations that, if true, state a claim on which relief could be granted, the district court did not abuse its discretion by failing to conduct an evidentiary hearing. *Id.*

**AFFIRMED.**

2

A00002

COPY of
Original Filed
on this date

FEB 01 2000

Clerk
District Court
For The Northern Mariana Islands

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 98-00044 |
| | ) | |
| Plaintiff | ) | NOTICE OF ORDERS: |
| | ) | 1) DENYING MOTIONS TO |
| v. | ) | WITHDRAW GUILTY PLEAS; |
| | ) | 2) DENYING AS MOOT |
| KWON, Soon Oh; KWON, Mo | ) | MOTIONS OF ATTORNEYS |
| Young; and, MENG, Ying Yu, | ) | TO WITHDRAW; and |
| | ) | 3) GRANTING ATTORNEY |
| Defendants | ) | ARRIOLA'S MOTION TO WITH- |
| | ) | DRAW AS COUNSEL OF RECORD |

THIS MATTER came before the court on Thursday, January 27, 2000, for

expedited hearing of defendants' motions to withdraw their guilty pleas, and the motions

of attorneys Richard W. Pierce, Jay H. Sorensen, and Eric S. Smith to withdraw as

counsel of record for defendants. Plaintiff appeared by and through its attorneys, Lou de

Baca, Civil Rights Division, Department of Justice (by telephone) and Assistant U.S.

Attorney Gregory Baka; defendants appeared personally and by and through attorney

Joseph A. Arriola. Mr. Kwon, Soon Young acted as interpreter for defendants.

At the commencement of the hearing the court announced its tentative rulings:

A00003

First, that it would deny the motion to withdraw the guilty pleas, on the grounds that the

history of the case and the proceedings during which the court accepted defendants' guilty

pleas and the three plea agreements demonstrate beyond peradventure that defendants'

pleas of guilty were entered intelligently, knowingly, and voluntarily, and with a full

understanding of the proceedings, the alternatives available to them, and the

consequences. Second, that Mr. Arriola could represent all three defendants upon a

showing to the court's satisfaction that the defendants fully understood the consequences

of their actions at this point in the proceedings and the possible conflicts that might arise

by virtue of Mr. Arriola's representation of all three defendants. Finally, that the motions

filed by Messrs. Smith, Sorensen, and Pierce to withdraw as counsel for their respective

clients would be denied in part, and that although said attorneys would be relieved of

further responsibility to their clients, they would remain available to defendants and Mr.

Arriola up to and including sentencing to provide assistance to defendants; i.e. the

attorneys would act in a "stand by" capacity.

After oral argument and a brief recess requested by Mr. Pierce so that he and the

other attorneys could confer with Mr. Arriola and defendants, the court issued its final

rulings. The court adopted as its final ruling the denial of defendants' motions to

withdraw their guilty pleas and plea agreements, it granted Mr. Arriola's oral motion to be

relieved as counsel of record at this time at the conclusion of the hearing and, after

assuring itself with a colloquy on the record with defendants that they intelligently,

knowingly, and voluntarily assented to their continued representation by Messrs.

A00004

2

Sorensen, Smith, and Pierce through the end of sentencing, ordered that the three attorneys would continue as counsel of record until the conclusion of sentencing.

The only motion which requires comment is defendants' motions to withdraw their guilty pleas and plea agreements. On October 5, 1999, the court accepted the individual guilty pleas and the separate and distinct plea agreements entered into by each of the three defendants. At that time, and in accordance with Fed.R.Crim.P. 11(d) and the case law, the court exhaustively and painstakingly reviewed with defendants all their constitutional rights and appellate rights and elicited from each of them individually a factual basis for their respective pleas of guilty. After accepting defendants' guilty pleas, the court, in accordance with Fed.R.Crim.P. 11(e)-(g) and the case law, reviewed with each defendant the entire contents of his or her individual plea agreement, working through each agreement section by section. The transcript will reflect that defendants, and each of them, repeatedly expressed, under oath, that they fully understood what they were doing and were undertaking the pleas of guilty and entering their respective plea agreements intelligently, knowingly, and voluntarily, with a full understanding of the various avenues open to them and the consequences of their choices. Defendants' bald (and unprovable) assertions that they were intimidated by the government's counsel and their own counsel and did not understand the proceedings are belied by overwhelming objective indicia that they did fully understand, appreciate, and participate in all phases of their defense to this prosecution, up to and including their respective decisions to enter into their respective plea agreements and plead guilty. Accordingly, the court finding that there existed no

A00005

3

"fair and just reasons" for granting defendants' motions to withdraw both their guilty pleas, Fed.R.Crim.P. 32(e), and their plea agreements, those motions were denied.

Defendants shall remain at liberty pending sentencing under all the same terms and conditions currently in place.

IT WAS SO ORDERED.

DATED this 1st day of February, 2000, NUNC PRO TUNC, January 27, 2000.


ALEX R. MUNSON
Judge

A00006

4

59

ORIGINAL

BILL LANN LEE
Acting Assistant Attorney General
FREDERICK A. BLACK
United States Attorney
DISTRICT OF THE NORTHERN
        MARIANA ISLANDS
Horiguchi Building, Third Floor
P. O. Box 377
Saipan, MP 96950
Telephone:    (670) 234-9133
Fax:          (670) 233-7833

LOU DE BACA
DANIEL A. VELEZ
U.S. Department of Justice
Civil Rights Division
Criminal Section
601 D St., N.W.
Washington, DC 20530
Telephone:    (202) 514-3204
Fax:          (202) 514-8336

F I L E D
    Clerk
District Court

DEC 05 1999

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES | ) | CR-98-00044 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT**: **KWON, SOON OH** |
| | ) | |
| KWON, SOON OH, | ) | |
| MENG, YING YU, | ) | Judge: Hon. Alex R. Munson |
| KWON, MO YOUNG, | ) | |
|     Defendants | ) | |
| _____/ | ) | |

Pursuant to Fed.R.Crim.P 11, the United States of America and KWON, SOON OH

(hereinafter referred to as the "defendant") enter into the following agreement:

I.    <u>Count Pleading To</u>

The defendant agrees to plead guilty to Count 1 of the <u>original</u> indictment in this case,

A00007

1

First, that it would deny the motion to withdraw the guilty pleas, on the grounds that the history of the case and the proceedings during which the court accepted defendants' guilty pleas and the three plea agreements demonstrate beyond peradventure that defendants' pleas of guilty were entered intelligently, knowingly, and voluntarily, and with a full understanding of the proceedings, the alternatives available to them, and the consequences. Second, that Mr. Arriola could represent all three defendants upon a showing to the court's satisfaction that the defendants fully understood the consequences of their actions at this point in the proceedings and the possible conflicts that might arise by virtue of Mr. Arriola's representation of all three defendants. Finally, that the motions filed by Messrs. Smith, Sorensen, and Pierce to withdraw as counsel for their respective clients would be denied in part, and that although said attorneys would be relieved of further responsibility to their clients, they would remain available to defendants and Mr. Arriola up to and including sentencing to provide assistance to defendants; i.e. the attorneys would act in a "stand by" capacity.

After oral argument and a brief recess requested by Mr. Pierce so that he and the other attorneys could confer with Mr. Arriola and defendants, the court issued its final rulings. The court adopted as its final ruling the denial of defendants' motions to withdraw their guilty pleas and plea agreements, it granted Mr. Arriola's oral motion to be relieved as counsel of record at this time at the conclusion of the hearing and, after assuring itself with a colloquy on the record with defendants that they intelligently, knowingly, and voluntarily assented to their continued representation by Messrs.

2

A00008

AO 72

"the karaoke club"), a bar owned by Kwon Enterprises. KWON SOON OH's wife, Meng Ying Yu, worked in the Highway Restaurant, a restaurant owned by Kwon Enterprises.

b.    In 1996 and 1997, Kwon Enterprises, Inc., in collaboration with KWON SOON OH's mother-in-law, Guo, Cheng Zhi, recruited and brought women from China to Saipan to work in the Kwon Enterprises operations.

c.    At the karaoke club, the women were to sit with customers and entertain them. At times, this entertainment involved the customers touching the women in a sexual manner. At other times, this entertainment involved the women submitting to the sexual demands of the customers, for which Kwon Enterprises sometimes received payment from the customers.

d.    Kwon, Soon Oh was aware that the women were not allowed to stop working for Kwon Enterprises until they had paid the debts owed to him and his family for bringing the women to Saipan. Some of the women were threatened in order to keep them from leaving the employ of Kwon Enterprises without permission. Other women were threatened not to make complaints to the CNMI Department of Labor and Immigration. Examples of verbal threats that were made include statements about having local Chamorro people physically harm the women, and statements that the women would be sent back to China and that KWON SOON OH and his family would notify the families of the women and the Chinese authorities that they had worked as prostitutes in Saipan.

e.    On at least one occasion, KWON, SOON OH displayed a pistol to some of the women. Angered that three other women had left his employment, KWON, SOON OH displayed the pistol, which is a non-operative semi-automatic pistol that only fires blanks, to the women who remained, as a warning that they were not to leave his employ as had the other

3

A00009

3

women.

### 4.    Sentencing Guideline Recommendations

The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

a.    <u>Applicable Guideline</u>: That the applicable guideline is Section 2H4.1 (Peonage), and that the cross-reference provision of Section 2H4.1(b)(4)(B) should not be applied to incorporate the Sexual Abuse guidelines.

b.    <u>Specific Offense Characteristics</u>: That the specific offense characteristics that apply to this defendant, pursuant to Section 2H4.1(b), are:

1)    the two-level increase called for in Section 2H4.1(b)(2) for use of a dangerous weapon;

2)    the two-level increase called for in Section 2H4.1(b)(3)(B)(victim held between 180 days and one year); and

3)    the two-level increase called for in Section 2H4.1(b)(4)(A)(other felony committed).

c.    <u>Vulnerability of Victims</u>: That the defendant should receive a two-level increase for the vulnerability of the victims, pursuant to Section 3A1.1 of the Sentencing Guidelines.

d.    <u>Role in the Offense:</u>    That the defendant should receive a two-level increase for his role in the offense as a leader/ manager in a small criminal

4

A00010

4

activity, pursuant to Section 3B1.1 (c) of the Sentencing Guidelines.

e.   Acceptance of Responsibility: Assuming that the defendant fully and
truthfully accepts responsibility in this matter, and should the defendant's
guilty plea be accepted before close of business on ~~Monday, October~~ 5 9:42 (thereby ensuring that the court will not suffer the expense of bringing in a
new jury pool for this case), the defendant should receive  the extra one-
point enhancement provided for in Section 3E1.1(b) of the Sentencing
Guidelines. However, the government reserves the right to argue that the
defendant has not fully and truthfully accepted responsibility in this case,
depending on his statements and actions during change of plea hearings,
discussions and filings with the probation office, and sentencing
proceedings.

5.   Maximum Penalties

The defendant also understands and acknowledges that the court may impose a statutory
maximum term of imprisonment for count one of up to ten (10) years, followed by a term of
supervised release.   In addition to a term of imprisonment and supervised release, the court may
impose a fine of up to $500,000 and order restitution.  The defendant further understands and
acknowledges that, in addition to any sentence imposed by the court, a special assessment in the
amount of $100 will be imposed on the defendant.

The defendant further understands and acknowledges that this agreement is dependant on
the acceptance and entrance by the court of the guilty pleas of the co-defendants in this case. It is
understood and agreed that if any of the co-defendants does not accept the plea offer by the

5

A00011

government and successfully enter guilty pleas, each and every agreement will be null and void. If any defendant attempts to withdraw a guilty plea, the government, in its sole discretion, may declare each and every agreement null and void or elect to declare any or all agreements fully enforceable. If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon The Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of the bringing such charges.

6.    Information Concerning Sentencing

The Office of the United States Attorney for the District of the Northern Mariana Islands and the Civil Rights Division, Department of Justice, reserve their right and obligation to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.    Information Concerning Sentencing

The Office of the United States Attorney for the District of the Northern Mariana Islands and the Civil Rights Division, Department of Justice, reserve their right and obligation to inform the court and the probation office of all facts pertinent to the sentencing process, including all

6

A00012

6

relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.    <u>Sentencing Agreements not Binding on Court</u>

The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety.

9.    <u>Dismissal of Counts and No Further Charges</u>

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, if the defendant abides by the terms of this agreement, the Government will move to dismiss the remaining counts of the indictment in which he is charged. Defendant acknowledges and agrees that, under the Sentencing Guidelines, the court may consider relevant conduct alleged in the dismissed counts of the indictment in arriving at the appropriate sentence. If the Court accepts this plea agreement, the government agrees not to charge defendant with committing any other federal criminal offenses known to the United States at the time of the execution of this agreement,

A00013

11.    <u>Voluntariness of Plea and Defendant's Awareness of Rights</u>

Defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

      a.    The nature and elements of the charges and the mandatory minimum penalty provided by law and the maximum possible penalty provided by law;

      b.    His right to be represented by an attorney;

      c.    His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

      d.    That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

      e.    That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

      f.    His right to appeal any sentence imposed, and how this plea agreement affects his ability to appeal;

      g.    That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement.

9

A00015

9

12.    Scope of Agreement

This document states the complete and only plea agreement between the United States and the defendant, superseding all prior understandings, if any, whether written or oral. This agreement cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

13.    Translation into Korean

This agreement has been read to the defendant in Korean by a fully-qualified interpreter and defendant and counsel have fully discussed this agreement.

Respectfully submitted,

Date: OCT. 4 -98          By: _____
                              KWON, SOON OH
                              DEFENDANT

Date: Oct 4, 19 : 9        By: _____
                              ERIC SMITH
                              ATTORNEY FOR DEFENDANT

Date: 10/4/99             By: _____
                              LOU DE BACA
                              TRIAL ATTORNEY
                              U.S. DEPARTMENT OF JUSTICE

Date: Oct. 4, 1999         By: _____
                              DANIEL A. VELEZ
                              TRIAL ATTORNEY
                              U.S. DEPARTMENT OF JUSTICE

10

A00016

10

1   *The Law Offices of:*
    *Joseph Aldan Arriola*
2   Attorney at Law
    PMB 678 PPP, Box 10000
3   Saipan, MP 96950-8900
    Tel. (670) 233-5501/02
4   Fax: (670) 233-5503

5   Attorney for Defendants

COPY of
Original Filed
on this date

JAN 2 0 2000

Clerk
District Court
For The Northern Mariana Islands

6

7                     UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

8   UNITED STATES,                          )    CR - 98-00044
                                            )
9                      Plaintiff,           )
                                            )
10       vs.                                )    **MOTION TO WITHDRAW**
                                            )    **GUILTY PLEA**
11  KWON, SOON OH,                          )
    MENG, YING YU,                          )
12  KWON, MO YOUNG,                         )
                                            )    **MEMORANDUM OF POINTS**
13                     Defendants.          )    **AUTHORITIES**
                                            )

14          Pursuant to Rule 32(d), F.R.Cr.P., Defendants Kwon, Soon Oh, Meng, Ying Yu and Kwon, Mo

15  Young, by and through their counsel, Joseph Aldan Arriola, Esq., respectfully moves this Court to

16  withdraw their guilty plea in the above-entitled matter.

17          This motion is based on the records and files in this case, the attached memorandum of law and

18  affidavits in support of the motion.

19          DATED this 17ᵗʰ day of January, 2000.

20

21

22
                                            Respectfully submitted,
23
                                            *The Law Offices Of:*
24                                          *Joseph Aldan Arriola*
                                            Attorney at Law
25

26

27                                          Joseph A. Arriola
                                            Attorney for Defendants
28

A00017

39

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. OVERVIEW

On October 5, 1999, Defendants, signed plea agreements pleading guilty to various charges brought by indictment. Defendant Kwon, Soon Oh pleaded guilty to Count One of the original indictment, for the charge of Conspiracy against Rights, 18 U.S.C. § 241. Such a charge carries a maximum penalty of ten (10) years imprisonment, a fine of $500,000, or both. Defendant Kwon, Mo Young pleaded guilty to Count Twenty-One of the second revised indictment, for the charge of the Mann Act, Aiding and Abetting, 18 U.S.C. §§ 2421 and 22. Such a charge carries a maximum penalty of five (5) years imprisonment, a fine of $250,000, or both. Defendant Meng, Ying Yu pleaded guilty to Count One of the second revised indictment, for the charge of Conspiracy to violate Laws, i.e., involuntary servitude, extortion and transportation for immoral purposes, 18 U.S.C. § 371. Such a charge carries a maximum penalty of five (5) imprisonment, a fine of $250,000, or both.

For the reasons stated below, Defendants now move to withdraw their guilty pleas.

## II. ARGUMENTS

### A. Defendants Guilty Plea were not Entered Knowingly and Voluntarily.

Under Rule 32(d), F.R.Cr.P., a defendant may move to withdraw a guilty plea made before sentence upon a showing by the defendant of any fair and just reason. While Rule 32(d) permits post-sentence withdrawal of a guilty plea only to prevent "manifest injustice," the rule lays down no particular standard for deciding withdrawal motions prior to sentencing. However, federal courts, relying on *Kercheval v. U.S.*, 274 U.S. 220, 224, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), have generally held that presentence withdrawal should be "freely allowed" whenever there appears a "fair and just reason" for doing so. *See e.g., Kadwell v. U.S.*, 315 F.2d 667 (9th Cir. 1963); *see also U.S. v. Savage*, 561 F.2d 554, 556 (4th Cir. 1977). Although presentence motions are addressed to the sound discretion of the District Court, the "fair and just" standard is much lower than that of "manifest injustice." *Kercheval*, 274 U.S. at 224; *Gearhart v. U.S.*, 272 F.2d 499, 502 (D.C. Cir. 1959).

2

A00018

1    In articulating the distinction between the two standards, the Ninth Circuit stated:

2    > The distinction rests upon practical considerations important to the proper
administration of justice. Before sentencing, the inconvenience to court and
3    > prosecution resulting from a change of plea is ordinarily slight as compared with
the public interest in protecting the right of the accused to trial by jury. But if a
4    > plea of guilty could be retracted with ease after sentence, the accused might be
encouraged to plead guilty to test the weight of potential punishment, and
5    > withdraw the plea if the sentence were unexpectedly severe. The result would be
to undermine respect for the courts and fritter away the time and painstaking effort
6    > devoted to the sentencing process.

7    *Kadwell v. U.S.*, 315 F.2d 667, 670 (9ᵗʰ Cir. 1963).

8    In deciding a presentence motion to withdraw a guilty plea, an appellate court has considered

9    three factors: 1) whether the defendant asserts his innocence; 2) whether withdrawal will prejudice the

10   government; and 3) the strength of the defendant's reasons to withdraw the plea. *U.S. v. Huff*, 873 F.2d

11   709, 712 (3ʳᵈ Cir. 1989).

12   A guilty plea must be made knowingly and voluntarily as required by Fed.R.Crim.P. 11(d). In

13   the instant case, there is no question that Defendants believe they have done no wrong and have clearly

14   declared their innocence to the charges filed against them. *See Attached Affidavits*. Moreover, the

15   Defendants' statements in their sworn affidavits clearly indicated that they were confused and were

16   overwhelmed by the pressure imposed on them to enter into a plea. Evidently, being foreigners with

17   little knowledge of the U.S. legal system, caused a great deal of confusion and fear for themselves and

18   their family, and only acted on the advise of their attorney despite their belief that they were innocent.

19   Defendants' actions were in no way made knowingly or voluntarily.

20   Defendants' withdrawal should not prejudice the government. Based on the records on file, the

21   government has conducted interviews with the alleged victims as part of their preparation for this case.

22   It seems apparent that their thorough investigation of this case was even used as a bargaining leverage

23   against Defendants making by making statements to Defendants that they have "no chance of winning

24   the case." Furthermore, the inconvenience to the Court and prosecution resulting from a presentence

25   change of plea is ordinarily slight as compared with the public interest in protecting the right of the

26   accused to trial by jury. Defendants' motion to withdraw their plea are made before sentencing is

27   imposed. Therefore, the motion should be freely allowed.

28

3

A00019

III.    CONCLUSION

1

2         This is not a case where Defendants have already received their sentence from the Court. Rather,

3    it is a case that presents a failure of defendants to enter their plea knowingly and voluntarily. Because

4    presentence withdrawal does not subvert the "stability" of "final judgments," *High v. U.S.*, 288 F.2d

5    427, 429, cert. denied, 366 U.S. 923, 81 S.Ct. 1350 (1961);  *Kadwell v. U.S.*, 315 F.2d, at 670,

6    Defendants urges the Court to grant their motion to withdraw their guilty plea and to allow them to have

7    their day in court to prove their innocence.

8         Dated this 17th day of January, 2000.

9

10

11

12                                                                      Respectfully submitted,

13                                                                      *The Law Offices Of:*
                                                                        *Joseph Aldan Arriola* ~
14                                                                      Attorney at Law

15

16                                                                      Joseph A. Arriola
                                                                        Attorney for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4                   A00020

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

8    UNITED STATES,                          )    CR - 98-00044
                                             )
9              Plaintiff,                     )
                                             )
10       vs.                                  )
                                             )
11   KWON, SOON OH,                           )    AFFIDAVIT IN SUPPORT OF
     MENG, YING YU,                           )    MOTION TO WITHDRAW
12   KWON, MO YOUNG,                          )    GUILTY PLEA
                                             )
13             Defendants.                    )

14

15      I, Kwon, Soon Oh, being duly sworn, deposes and says:

16      1.  I am one of the defendants in the above-entitled matter.  I am also operating a business on

Saipan along with my family.

17      2.  Defendant Meng, Ying Yu is my wife and Defendant Kwon, Mo Young is my son.

18      3.  After we were indicted on various criminal charges, I was in a state of near shock of the

19   crimes charged against me and my family, and at the potential penalties and potential imprisonment

20   time.

21      4.  My wife and my son and myself were represented separately by three different attorneys.

22      5.  On October 4, 1999, I signed a plea agreement and pleaded guilty to Count One of the

23   original indictment, for the charge of Conspiracy against Rights, 18 U.S.C. § 241, which carries a

24   maximum penalty of ten (10) years imprisonment, a fine of $500,000, or both.

25      6.  Between the period of the indictment date and my signing of the plea agreement, we had a

26   series of meetings with all the lawyers involved, including the government attorneys.  In some cases,

27   we were all placed in separate rooms and I was continually advised that pleading guilty was the

28   appropriate thing to do.  My own attorney, at this time, did not advise me on the merits of the charge and

A00021

43

1  on the strengths of my case. The only advised I received was to consider my family and what would

2  happen to them and myself if I did not cooperate and sign a plea agreement.

3      7. Throughout the meetings with the other attorneys for my wife and my son, I had declared my

4  innocence to the charges alleged in the indictment.

5      8. However, there was so much pressure to enter into a plea agreement because according to the

6  attorneys, they cannot help it if I was in fact innocent and are victimized by the judicial process by being

7  wrongly convicted. Prior to signing the plea agreement, I again declared my innocence and rejected the

8  plea agreement but went ahead and reluctantly signed the document under pressure.

9      9. A translator was present throughout the meetings and the contents of the plea agreement were

10  also translated. However, the plea agreement I signed was not the same document, that I had viewed

11  and was translated, as the plea agreement document that was relied during the series of meetings. I was

12  not completely sure about the meaning of the plea agreement nor did I fully understand that I could

13  challenge the charges without being wrongly convicted.

14      10. I was further confused by the consultations I was receiving from the attorneys involved and

15  from my family regarding the signing of the plea agreement. At one point during the plea negotiations,

16  the government attorney stated that I had "no chance of winning this case" while my own attorney sat

17  next to me silently.

18      11. On another occasion, my own attorney stated that because we are dealing with attorneys

19  from the federal government, and because there are anti-asian sentiments from the local community,

20  there is little chance, we don't stand a chance in challenging the charges file against me.

21      12. Considering that I am not very familiar with the U.S. legal system, the statements made by

22  the attorneys involved instilled fear in me and in my hopes of fighting this case.

23      13. I was pressured to sign the document because the government had set a deadline to accept

24  the plea, a deadline that was extended into the evening hours so that we could be convinced to sign the

25  plea agreement.

26      14. When I appeared before the court for the plea agreement hearing, I answered the court's

27  questions according to the advise of my attorney. My answers to the court- translated statements

28

2

A00022

44