1   regarding the voluntariness of my guilty plea were based solely on the advise of my attorney. I was not

2   fully aware of the substance of the plea agreement.

3       15.  I feared for the welfare of my family and for our heavily invested family-operated

4   businesses and was confused as to what I should do that would be in the best interest of my family.

5       16.  My decision to sign the plea agreement was a result of the unwavering pressure of the

6   people involved and the decision to sign was essentially imposed on me.

7       17.  I am innocent of the crimes charged and wish to have my day in court to prove my

8   innocence.

9       18.  This affidavit has been read to me in Korean by a fully-qualified interpreter and is consistent

10   with my intended statements made in Korean Language.

11

12

13                                        KWON, SOON OH

14

15

16

17

18

19   COMMONWEALTH OF THE NORTHERN
    MARIANA ISLANDS,          }

20                                                     ACKNOWLEDGMENT
               SAIPAN, MARIANA ISLANDS.  }

21

22       On this 19TH day of January, 2000, before me, a Notary Public in and for the Commonwealth
  of the Northern Mariana Islands, personally appeared Kwon, Soon Oh, whose name is subscribed to

23   the foregoing Affidavit in Support of Motion to Withdraw Guilty Plea, and who acknowledged to me
  that he executed the same as his free will, act, and deed.

24

25       In Witness Whereof, I have hereunto set my hand and affixed my seal.

26

27                             NOTARY PUBLIC

28

                               3                       My Commission expires on   A00023
                                                  the 27th day of Jan, 2000

(                                   (

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

8  UNITED STATES,                                      CR - 98-00044

9                  Plaintiff,

10        vs.

11  KWON, SOON OH,                              **AFFIDAVIT IN SUPPORT OF**
    MENG, YING YU,                              **MOTION TO WITHDRAW**
12  KWON, MO YOUNG,                             **GUILTY PLEA**

13                  Defendants.

14
    I, Meng, Ying Yu, being duly sworn, deposes and says:
15
        1.  I am one of the defendants in the above-entitled matter.  I am also operating a business or
16
    Saipan along with my family.
17
        2.  Defendant Kwon, Soon Oh is my husband and Defendant Kwon, Mo Young is my husband's
18
    son.
19
        3.  After we were indicted on various criminal charges, I was in a state of near shock of the
20
    crimes charged against me and my family, and at the potential penalties and potential imprisonmen
21
    time, and being separated from my five-year son.
22
        4.  My husband and his son and myself were represented separately by three different attorneys
23
        5.  On October 4, 1999, I signed a plea agreement and pleaded guilty to Count One of the secon
24
    revised indictment, for the charge of Conspiracy to violate Laws, i.e., involuntary servitude, extortio
25
    and transportation for immoral purposes, 18 U.S.C. § 371, which carries a maximum penalty of five (5
26
    imprisonment, a fine of $250,000, or both.
27
        6.  Between the period of the indictment date and my signing of the plea agreement, we ha
28
    several meetings with all the lawyers involved, including the government attorneys.  In some cases, w

A00034

1  were all placed in separate rooms and I was continually advised that pleading guilty was the appropriate

2  thing to do.  My own attorney, whom I met confidentially on only two occasions, at this time, did not

3  advise me on the merits of the charge and on the strengths of my case.  The only advised I received was

4  to consider my family, especially my five-year old son, and what would happen to them and myself if

5  I did not cooperate and sign a plea agreement.

6        7.  Throughout the meetings with the other attorneys for my wife and my son, I had declared my

7  innocence to the charges alleged in the indictment.

8        8.  However, there was so much pressure to enter into a plea agreement because according to the

9  attorneys, they cannot help it if I was in fact innocent and are victimized by the judicial process by being

10 wrongly convicted.  Prior to signing the plea agreement, I again declared my innocence and rejected the

11 plea agreement  but went ahead and reluctantly signed the document under pressure.

12       9.  A translator was present throughout the meetings and the contents of the plea agreement were

13 also translated.  However, the plea agreement I signed was not the same document, that I had viewed

14 and was translated, as the plea agreement document that was relied during the series of meetings.  I was

15 not completely sure about the meaning of the plea agreement nor did I fully understand that I could

16 challenge the charges without being wrongly convicted.

17       10.  I was further confused by the consultations I was receiving from the attorneys involved

18 and from my family regarding the signing of the plea agreement.   At one point during the plea

19 negotiations, the government attorney stated that I had "no chance of winning this case" while my own

20 attorney sat next to me silently.  According to the government attorney, one of the government's witness

21 had fainted during an interview, a strong indication that we had done some wrong to them.

22       11.  I was pressured to sign the document because the government had set a deadline to accept

23 the plea, a deadline that was extended into the evening hours so that we could be convinced to sign the

24 plea agreement.

25       12.  When I appeared before the court for the plea agreement hearing, I answered the court's

26 questions according to the advise of my attorney.  My answers to the court- translated statements

27

28

2

A000 25

47

1  regarding the voluntariness of my guilty plea were based solely on the advise of my attorney. I was no
2  fully aware of the substance of the plea agreement.

3      13.  I feared for the welfare of my family, especially my five-year old child, and for our heavily
4  invested family-operated businesses and was confused as to what I should do that would be in the best
5  interest of my family.

6      14.  My decision to sign the plea agreement was a result of the unwavering pressure of the
7  people involved and the decision to sign was essentially imposed on me.

8      15.  I am innocent of the crimes charged and wish to have my day in court to prove my
9  innocence.

10     16.  This affidavit has been read to me in Korean by a fully-qualified interpreter and is consistent
11  with my intended statements made in Korean Language.

12

13

14                                                    孟英玉
15                                                    MENG, YING YU

16

17

18

19

20  COMMONWEALTH OF THE NORTHERN           )
    MARIANA ISLANDS,                       )
21         SAIPAN, MARIANA ISLANDS.        )        ACKNOWLEDGMENT
                                           )

22

23      On this /9?7 day of January, 2000, before me, a Notary Public in and for the Commonwealth
    of the Northern Mariana Islands, personally appeared Meng, Ying Yu, whose name is subscribed to the
    foregoing Affidavit in Support of Motion to Withdraw Guilty Plea, and who acknowledged to me that
24  he executed the same as his free will, act, and deed.

25      In Witness Whereof, I have hereunto set my hand and affixed my seal.

26

27
                                  NOTARY PUBLIC
28

                                          3

                                         48

My Commission expires on
the 27th day of Jan, 2000

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

8   UNITED STATES,                                          CR - 98-00044

9                       Plaintiff,

10        vs.

11  KWON, SOON OH,                                    **AFFIDAVIT IN SUPPORT OF**
    MENG, YING YU,                                     **MOTION TO WITHDRAW**
12  KWON, MO YOUNG,                                    **GUILTY PLEA**

13                     Defendants.

14
    I, Kwon, Mo Young, being duly sworn, deposes and says:
15
        1.  I am one of the defendants in the above-entitled matter.  I am also operating a business on
16
    Saipan along with my family.
17
        2.  Defendant Kwon, Soon Oh, is my father and Defendant Meng, Ying Yu is his wife.
18
        3.  After we were indicted on various criminal charges, I was in a state of near shock of the
19
    crimes charged against me and my family, and at the potential penalties and potential imprisonment
20
    time, considering that, at the age of 26, I felt that I had so much ahead of me.
21
        4.  My father and his wife and myself were represented separately by three different attorneys.
22
        5.  On October 4, 1999, I signed a plea agreement and pleaded guilty to Count Twenty-One of
23
    the second revised indictment, for the charge of the Mann Act, Aiding and Abetting, 18 U.S.C. §§ 2421
24
    and 22, which carries a maximum penalty of five (5) years imprisonment, a fine of $250,000, or both.
25
        6.  Between the period of the indictment date and my signing of the plea agreement, we had a
26
    series of meetings with all the lawyers involved, including the government attorneys.  In some cases,
27
    we were all placed in separate rooms and I was continually advised that pleading guilty was the
28
    appropriate thing to do for my family's sake.  My own attorney, at this time, did not advise me on the

A00027

49

1   merits of the charge and on the strengths of my case. The only advised I received was to consider my
2   family and what would happen to them and myself if I did not cooperate and sign a plea agreement.
3       7.  Throughout the meetings with the other attorneys for my father and his wife, I had declared
4   my innocence to the charges alleged in the indictment.
5       8.  However, there was so much pressure to enter into a plea agreement because according to the
6   attorneys, they cannot help it if I was in fact innocent and are victimized by the judicial process by being
7   wrongly convicted. Prior to signing the plea agreement, I again declared my innocence and rejected the
8   plea agreement  but went ahead and reluctantly signed the document under pressure.
9       9.  A translator was present throughout the meetings and the contents of the plea agreement were
10  also translated. However, I was not completely sure about the meaning of the plea agreement nor did
11  I fully understand that I could challenge the charges filed against me without being wrongly convicted.
12      10.  I was further confused by the consultations I was receiving from the attorneys involved and
13  from my family regarding the signing of the plea agreement.  We had been advised by the government
14  attorney that we had "no chance of winning this case."  My own attorney did not advise on the
15  statements made by the government attorney.
16      11.  On another occasion, my own attorney stated that because we are dealing with attorneys
17  from the federal government, and because there are anti-asian sentiments from the local community, twe
18  didn't stand a chance in challenging the charges file against me.
19      12.  Considering that I am not very familiar with the U.S. legal system, the statements made by
20  the attorneys involved instilled fear in me and in my hopes of fighting this case.
21      13.  I was pressured to sign the document because the government had set a deadline to accept
22  the plea, a deadline that was extended into the evening hours so that we could be convinced to sign the
23  plea agreement.
24      14.  When I appeared before the court for the plea agreement hearing, I answered the court's
25  questions according to the advise of my attorney.  My answers to the court- translated statements
26  regarding the voluntariness of my guilty plea were based solely on the advise of my attorney.  I was not
27  fully aware of the substance of the plea agreement.
28

2

A00028

50

15. I feared for the welfare of my family and for our heavily invested family-operated businesses and was confused as to what I should do that would be in the best interest of my family.

16. My decision to sign the plea agreement was a result of the unwavering pressure of the people involved and the decision to sign was essentially imposed on me.

17. I am innocent of the crimes charged and wish to have my day in court to prove my innocence.

18. This affidavit has been read to me in Korean by a fully-qualified interpreter and is consistent with my intended statements made in Korean Language.


KWON, MO YOUNG


COMMONWEALTH OF THE NORTHERN
MARIANA ISLANDS,                          )
                                          )      ACKNOWLEDGMENT
        SAIPAN, MARIANA ISLANDS.          )


On this 19'' day of January, 2000, before me, a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared Kwon, Mo Young, whose name is subscribed to the foregoing Affidavit in Support of Motion to Withdraw Guilty Plea, and who acknowledged to me that he executed the same as his free will, act, and deed.

In Witness Whereof, I have hereunto set my hand and affixed my seal.


NOTARY PUBLIC

My Commission expires on
the 27th day of Jan, 2000

A00029

3

51

DELIVERED
DATE : 2/23 / 00

COPY of
Original Filed
on this date

FEB 2 3 2000

Clerk
District Court
For The Northern Mariana Islands

RICHARD W. PIERCE
WHITE, PIERCE, MAILMAN & NUTTING
P.O. Box 5222
Saipan, MP  96950
Telephone:    (670) 234-6547
Facsimile:    (670) 234-9537

Attorneys for Kwon, Mo Young

IN THE UNITED STATES DISTRICT COURT
FOR
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR.  98-00044 |
| Plaintiff, | SUBSTITUTION OF COUNSEL |
| -v- | |
| KWON SOON OH, KWON MO YOUNG, and MENG YING YU, | |
| Defendants. | |

In accordance with the directions of Mo Young Kwon and Ninth Circuit Rule 4-1,

Joseph A. Arriola hereby substitutes as counsel for Richard W.  Pierce, as attorney for Mo

Yong Kwon on his  appeal of the judgment of conviction entered in this case on February 18,

2000.

DATED, this February 22, 2000.

Richard W.  Pierce                              Joseph A. Arriola

A00030

*(Left margin, vertical text:)* WHITE, PIERCE, MAILMAN & NUTTING  ATTORNEYS AT LAW  POST OFFICE BOX 5222  SAIPAN, MARIANA ISLANDS 96950

Feb 24 00 03:46p    Jr  H. Sorensen Law Office   (670) 234-1417    p.1

FAX
RECEIVED

1    JAY H. SORENSEN
     Attorney at Law
2    Fourth Floor, Suite A
     Horiguchi Building, Garapan
3    P. O. Box 1184
     Saipan, MP 96950
     Tel. No. 234-1414
4    Fax. No. 234-1417

5    Attorney for Defendant Meng Ying Yu

COPY of
Original Filed
on this date

FEB 2 4 2000

Clerk
District Court
For The Northern Mariana Islands

6

7

8                    UNITED STATES DISTRICT COURT
                              FOR THE
9            COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

10

11   UNITED STATES OF AMERICA,        )  CRIMINAL CASE NO. CR 98-00044
                                      )
12                  Plaintiff,        )
                                      )
13          vs.                       )  SUBSTITUTION OF COUNSEL
                                      )
14   KWON SOON OH, KWON MO YOUNG,     )
     and MENG YING YU,                )
15                                    )
                    Defendants.       )
16   ─────────────────────────────────)

17

18

19        In accordance with the directions of Meng Ying Yu and Ninth Circuit Rule 4-1,

20   Joseph A. Arriola hereby substitutes as counsel for Jay H. Sorensen, as attorney for Meng

21   Ying Yu on her appeal of the judgment of conviction entered in this case on February 18,

     2000.

22        Dated this 7th day of February, 2000.

23

24

25

26   JAY H. SORENSEN                    JOSEPH A. ARRIOLA

27

28

A00031

FAX IN

RECEIVED
BY 8VY    JAIL 2-25-00

COPY of
Original Filed
on this date

FEB 2 5 2000

Clerk
District Court
For The Northern Mariana Islands

1 | Eric S. Smith
   | Horiguchi Building
2 | Fourth Floor
   | P.O. Box 5133
3 | Saipan, MP 96950
   | Tel:  233-3334
4 | Fax:  233-3336

5 | Attorney for *Defendant Kwon, Soon Oh*

6

7

8 |                IN THE UNITED STATES DISTRICT COURT
   |                           FOR THE
9 |                    NORTHERN MARIANA ISLANDS

10

11 | UNITED STATES OF AMERICA,          )
    |                                    )    CRIMINAL CASE NO. CR-98-00044
12 |              Plaintiff,             )
    |                                    )
13 |         v.                          )    SUBSTITUTION OF COUNSEL
    |                                    )
14 | KWON, SOON OH,                      )
    | KWON MO YOUNG, and                 )
15 | MENG YING YU,                       )
    |                                    )
16 |              Defendants.            )

17 |         In accordance with the directions of Kwon, Soon Oh and Ninth Circuit Rule 4-1,

18 | Joseph A. Arriola hereby substitutes as counsel for Eric S. Smith, as attorney for Kwon, Soon

19 | Oh on his appeal of the judgment of conviction entered in this case on February 18, 2000.

20

21

22 | _____              _____
    | ERIC S. SMITH                        JOSEPH A. ARRIOLA

23

24

25

26

27

28

A00032

Jan 25 00 05:10p    Jay H. Sorensen Law Office    (670) 234-1417    p.1

**FAX IN**

RECEIVED

JAY H. SORENSEN
Attorney at Law
Fourth Floor, Suite A
Horiguchi Building, Garapan
P. O. Box 1184
Saipan, MP 96950
Tel. No. 234-1414
Fax. No. 234-1417

Attorney for Defendant Meng Ying Yu

COPY of
Original Filed
on this date

JAN 25 2000

Clerk
District Court
For The Northern Mariana Islands

## UNITED STATES DISTRICT COURT
### FOR THE
### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR 98-00044 |
| Plaintiff, | |
| vs. | REQUEST TO WITHDRAW AS COUNSEL |
| KWON SOON OH, KWON MO YOUNG, and MENG YING YU, | |
| Defendants. | Date: JAN. 27, 2000 <br> Time: 9:30 AM |

Jay H. Sorensen, counsel appointed by the court for Meng Ying Yu, hereby requests that Court to withdraw as counsel. This request is made pursuant to Local Rule 83.5(g), and is based on the fact that defendant has retained other counsel and has filed a motion to withdraw her plea, and on the further ground that the statements contained in defendant's affidavit supporting her motion to withdraw the plea indicate that communication and trust between counsel and client have broken down to the point that effective assistance is no longer possible.

Respectfully submitted,

JAY H. SORENSEN
Attorney for Meng Ying Yu

A00033

JAN-24-00 13:37 FROM:WPM&N ATTYS          ID:6702343537          PAGE  2/2

**FAX IN**
01/24/00

RICHARD W. PIERCE
WHITE, PIERCE, MAILMAN & NUTTING
P.O. Box 5222
Saipan, MP  96950
Telephone:     (670) 234-6547
Facsimile:     (670) 234-9537

Attorneys for Mo Young Kwon

IN THE UNITED STATES DISTRICT COURT
FOR
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. CR. 98-00044 |
| Plaintiff, | REQUEST TO WITHDRAW AS COUNSEL |
| -v- | |
| KWON SOON OH, KWON MO YOUNG, and MENG YING YU, | Date: _____ 2000<br>Time: 9:00 a.m.<br>Judge: Munson |
| Defendants. | |

NOW COMES Richard W. Pierce of the law firm of White Pierce Mailman & Nutting and requests to withdraw as counsel for Mo Young Kwon.  Mr. Kwon has retained other counsel to represent him, as shown by the Entry of Appearance of Joseph A. Arriola, filed with this Court on January 20, 2000.  The retention of Mr. Arriola and the filing for a withdrawal of plea, coupled with the filed affidavit of Mr. Kwon, are materially inconsistent with continued representation by Richard W. Pierce.  Further, professional considerations require termination of the representation.

DATED, this January 21, 2000.

Respectfully Submitted:

WHITE, PIERCE, MAILMAN & NUTTING

RICHARD W. PIERCE
Attorney at Law

A00034

*27-644 Moore's Federal Practice -- Criminal Procedure § 644.01*

Moore's Federal Practice - Criminal
Copyright 2005, Matthew Bender & Company, Inc., a member of the LexisNexis
Group.

Chapter 644 Right to and Appointment of Counsel

A SOURCES OF RIGHT TO COUNSEL

27-644 Moore's Federal Practice -- Criminal Procedure § 644.01

## § 644.01 Text of Constitutional Amendments, Rule, and Statute

**[1]-- Fifth Amendment, United States Constitution**

**[2]-- Sixth Amendment, United States Constitution**

**Amendment VI. Jury Trial for Crimes, and Procedural Rights.**

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

**[3]-- Criminal Rule 44**

**Rule 44. Right to and Appointment of Counsel.**

**(a)--Right to Appointed Counsel.** A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant **at every stage of the proceeding** from initial appearance through appeal, unless the defendant waives this right.

**(b)--Appointment Procedure.** Federal law and local court rules govern the procedure for implementing the right to counsel.

**(c)--Inquiry Into Joint Representation.**

**(1)--*Joint Representation.*** Joint representation occurs when:

**(A)--** two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and

**(B)--** the defendants are represented by the same counsel, or counsel who are associated in law practice.

A00035

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 98-00044 |
| Plaintiff, | ) | Thursday, January 27, 2000 |
| vs. | ) | Garapan, Saipan |
| SOON OH KWON, MO YOUNG KWON, | ) | **REPORTER'S TRANSCRIPT** |
| and YING YU MENG, | ) | **OF** |
| | ) | **DEFENDANTS' MOTION TO** |
| Defendants. | ) | **WITHDRAW PLEAS AND MOTION** |
| | ) | **TO WITHDRAW AS COUNSEL** |

**BEFORE THE HONORABLE ALEX R. MUNSON
CHIEF JUDGE, UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

APPEARANCES:

For Plaintiff:   Lou de Baca, Prosecuting Attorney, appearing telephonically
                 U. S. Department of Justice
                 Civil Rights Division, Criminal Section
                 601 D Street, N.W.
                 Washington, D.C. 20503
                 Telephone: (202) 514-3204
                 Facsimile: (202) 514-8336
                            and
                 Gregory Baka, Local Counsel
                 Assistant United States Attorney
                 NORTHERN MARIANAS DISTRICT
                 Horiguchi Building, Third Floor
                 P. O. BOX 500377
                 Saipan, MP 96950-0377
                 Telephone: (670) 236-2986
                 Facsimile: (670) 236-2945

For Defendants:  Joseph A. Arriola, Esq.
  Soon Oh Kwon,   PPP 678, PMB 10000
  Mo Young Kwon, & Garapan, Saipan 96950-8900
  Ying Yu Meng    Telephone: (670) 233-5501/02
                  Facsimile: (670) 233-5503

*SANAE N. SHMULL*
Official Court Reporter
P. O. BOX 5128
SAIPAN, MP 96950-5128

A00035

184

2

1    For Defendant: Richard W. Pierce, Esq.
       Mo Young Kwon  WHITE, PIERCE, MAILMAN & NUTTING
2                P. O. Box 5222
                San Jose, Saipan, MP  96950
3                Telephone: (670) 234-6547/6548/8604
                Facsimile: (670) 234-9537

4
    For Defendant: Mark Williams, Esq. (for Mr. Smith)
5       Soon Oh Kwon  P. O. Box 5133
                Saipan, MP  96950-5133
6                Telephone: (670) 233-3334
                Facsimile: (670) 233-3336

7
    For Defendant: Jay H. Sorensen, Esq.
8       Ying Yu Meng  P. O. Box 1184
                Saipan, MP 96950-1184
9                Telephone: (670) 234-1414/15/16
                Facsimile: (670) 234-1417

10
    Also Present : Defendants Soon Oh Kwon, Mo Young Kwon &
11               Ms. Ying Yu Meng

12    Korean Interpreter: Kwon, Soon Young

13

14

15

16

17

18

19

20

21

22

23

24

25

SANAE N. SHMULL
Official Court Reporter
P. O. BOX 5128
SAIPAN, MP 96950-5128

A00037

3

GARAPAN, SAIPAN, THURSDAY, JANUARY 27, 2000 - 10:00 A.M.

-o0o-

THE CLERK:  Pleas rise.  The United States District Court for the Northern Mariana Islands is now open and ready for transaction of business; the Honorable Alex R. Munson, Chief Judge presiding.

THE COURT:  Good morning, counsel, ladies and gentlemen. Please be seated.

THE CLERK:  Your Honor, please, this is Criminal Case 98-00044, *United States of America v. Kwon, Soon Oh, Kwon, Mo Young, and Meng, Ying Yu*, coming up for a hearing on a Motion to Withdraw as Counsel and Motion to Withdraw Guilty Pleas.

Will Counsel, please, state your appearance?

MR. de BACA:  Your Honor, for the United States, Lou de Baca on the phone and Gregory Baka in court.

THE COURT:  Thank you.

MR. ARRIOLA:  Your Honor, for the defendants, Joseph A. Arriola.

MR. PIERCE:  Dick Pierce on behalf of White, Pierce, Mailman & Nutting in the Motion to Withdraw as Counsel.

MR. SORENSEN:  Jay Sorensen.

MR. WILLIAMS:  Mark Williams appearing for Eric Smith.

THE COURT:  All right, the record will also reflect that all three defendants are present in court with Mr. Arriola at defense counsel table.

Are you an interpreter-translator?

4

1    THE INTERPRETER:  Yes, sir.

2    THE COURT:  And what is your name, please?

3    THE INTERPRETER:  My name is Kwon, last name, Soon Young.

4    THE COURT:  I would ask the clerk to please administer the

5    oath to Mr. Kwon.

6    THE CLERK:  Mr. Kwon, please rise and raise your right hand.

7    Do you solemnly swear that you will justly, truly, fairly, and

8    impartially act as an interpreter in this case now before this

9    court, so help you God?

10    THE INTERPRETER:  Yes.

11    THE COURT:  Before I hear from anybody, I have a tentative

12    ruling to announce and some reasons for that ruling.

13    The tentative ruling, obviously, would be to allow Mr.

14    Arriola to act as counsel for the three defendants if the three

15    defendants can satisfy the court that they have knowingly,

16    intelligently, and voluntarily waived any conflicts and problems

17    that there might be.

18    The other tentative ruling would be to not allow Mr.

19    Pierce, Mr. Sorensen, or Mr. Smith to be relieved as counsel of

20    record in the sense that I would appoint Mr. Pierce as counsel for

21    the court to sit by in the event that there is any problem at

22    sentencing, because it is the tentative ruling of the court not to

23    grant the motion to withdraw the plea of guilty.  I did not see any

24    moving papers, any reason that the court would allow the withdrawal

25    of the plea.

A00089

5

1        Even if everything were true in the affidavits of the

2    defendants, I do not believe that there would be good and just and

3    sufficient reason to allow the defendants to withdraw their guilty

4    pleas, because in court, under oath, they were advised of every

5    aspect that is required for them to enter knowing, intelligent, and

6    voluntary pleas. They assented to every element of the crime to

7    which they pled guilty. They swore under oath that they were not

8    under any threat or no one forced them to enter pleas of guilty,

9    that no promises or assurances were made to them. They were

10   advised of the maximum possible penalties. They were advised of

11   their constitutional rights. They told the court that they were,

12   that they understood those rights, that they didn't have any

13   questions about those rights. And the court made a finding that

14   the pleas were knowing, voluntarily, and intelligently made, and

15   the court accepted those pleas. The court accepted the plea

16   agreements and judged them guilty of the offense.

17       Although it was not stated in any opposition, I expect to

18   hear from Mr. de Baca relative to any prejudice that may fall upon

19   the government to try this case.

20       I know that's a long tentative ruling, but those are the

21   court's thoughts. And I'll hear from Mr. Arriola at this time.

22       MR. ARRIOLA: Thank you, Your Honor. As set forth in our

23   moving papers and the attached affidavits, we believe that even

24   though they had appeared before Your Honor in a change of plea

25   hearing, and that they stated their answers in the affirmative with

6

1    regards to their understanding of the plea, it is really based on

2    the affidavits.  Their contention is that they really were just

3    following the advice of their attorneys.  They have declared their

4    innocence in the beginning and they've maintained that.

5

6         THE COURT: Well, now that's simply not true.  You have just

7    made a statement that they have maintained their innocence, and

8    they had a hearing, each, that lasted over an hour where they

9    admitted every element of the crime to which they pleaded guilty.

10   So you can't say that.

11

12        MR. ARRIOLA: Your Honor, I'm just going by what the defendants

13   have related to me that --

14        THE COURT: Did you review the transcript of the sentencing

15   (sic) hearing on any of the defendants?

16        MR. ARRIOLA: No, Your Honor, I didn't; I didn't have time to

17   do that.

18        THE COURT: All right.

19

20        MR. ARRIOLA:  But I did have a very lengthy meeting with them,

21   going over what had transpired here.  And I am aware of Your

22   Honor's statements about what, what questions were asked of the

23   defendants.  And I did discuss that with them, and they did admit

24   that they did answer in the affirmative.  But, again, their

25   statement, they contend that despite all of their answers, they

7

1    just were in a state of shock and they were in fear. They feared

2    because they were in fear of all the charges, the fear of the

3    statements that were made by the U.S. Government's attorneys, and

4    even by their own attorneys. And it seemed to them, at least,

5    during those times that they had a hopeless case and didn't know

6

7    what to do.

8        They did answer, Your Honor, "yes." I know that you went

9    through the whole process and that's because you wanted to make

10   sure that it's knowing and voluntary. But that's not what they

11   stated to me. They just simply didn't know what to do. They were

12   just following the advice. And even if they did understand the

13

14   language through their interpreter, the language of all these

15   charges and what Your Honor has stated, it seems like they didn't

16   understand the implication of what they were getting themselves

17   into.

18

19       THE COURT: Well, see, I don't see how you can stand here and

20   express that to the court when you did not review the transcript

21   because the court painstakingly explained to them exactly what the

22   maximum penalty was including incarceration, fine, restitution,

23   disgorgement of profits of supervised release, of deportation. And

24   to say that they didn't understand that when they expressed that

25   they did under oath. it's very hard for me to accept.

                                            AOC049

8

1    MR. ARRIOLA: Your Honor, all they ask is that they have their

2    day in court. I don't think there's any prejudice to the

3    government. They have done their, they prepared thoroughly in this

4    case. I think that if they believe -- based on the affidavits that

5    they, that they have a good case, then they should just go forward

6

7    with their burden and just allow the defendants an opportunity to

8    defend themselves in this court.

9        THE COURT: I also forgot to mention that I want to throw in

10   the equation, number one, if they do change their position that

11   they are innocent of all charges, that they cannot in all

12   probability get the three-point reduction for acceptance of

13

14   responsibility. That's totally inconsistent.

15       The other concern that I have is if they have hired you

16   after they have expressed to the court that they don't have the

17   financial wherewithal to hire private attorneys, and that they were

18   represented under the Civil Justice Act, and their attorneys were

19

20   paid by the court, if they have the financial wherewithal, I would

21   expect that they pay their attorneys' fees at their attorneys

22   regular rate, not under the court's Civil Justice Act rate.

23       So I want to ask you about that. They hired you and I

24   assume you're charging your regular fees?

25

    MR. ARRIOLA: That's correct, Your Honor. I did inquire about

A00043

9

1   that because I was also concerned about the fact that, that this

2   court did appoint Mr. Smith and Mr. Sorensen as the court appointed

3   counsel for Meng, Ying Yu and Kwon, Soon Oh, and I inquired about

4   that in our meetings.  What I understood, based on my clients'

5   representations, is that they initially had retained Mr. Pierce and

6   the initial agreement was for Mr. Pierce to represent all three

7

8   defendants.  And then there was the court appointed counsels (sic).

9   And according to them, it was simply that, the representation I got

10  was that the court felt that there may be potential conflict among

11  the three defendants, and on that basis appointed the counsel.  But

12

13  initially when this case started, they approached Mr. Pierce and

14  asked that Mr. Pierce represent all three of them.  That's my

15  understanding.

16      THE COURT: Well, but that doesn't answer my question.  My

17  question is, are they paying you at your regular rate?

18

19      MR. ARRIOLA: Yes, Your Honor.

20      THE COURT: Well, --

21      MR. de Baca: Your Honor, if I may speak to this very briefly,

22  and obviously this is something that we're not necessarily going to

23  get into the middle of on the part of the government.  But it seems

24  to me as well, from looking at the presentence reports, that the

25  defendants reiterated their poverty in their sworn interviews, or

A00042