FILED
Clerk
District Court

DEC 1 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 98-00044 |
| | ) | Civil Action No. 03-0029 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER DENYING |
| | ) | FED.R.CIV.P. 60(b) MOTION |
| KWON, Soon Oh, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

THIS MATTER is before the court on defendant's "Motion § 2255 for Relief from Sentencing previously denied by this Court" (*sic*), brought pursuant to Fed.R.Civ.P. 60(b). In the interests of conserving the resources of the court and the parties, the court will decide the instant motion without the necessity of briefing by the United States or oral argument.

AO 72
(Rev. 8/82)

Defendant claims inadvertence and excusable neglect for his failure to file proper motions and argues that the issue is now ripe because this court has previously rejected his argument, the U.S. Court of Appeals for the Ninth Circuit has rejected his argument, and the U.S. Supreme Court "failed to review" his petition for certiorari. Because the instant motion contains erroneous assertions of law and fact, the motion is denied.

Defendant was sentenced on February 22, 2000. He appealed to the Ninth Circuit, which decided adversely to him on July 22, 2002. United States v. Soon Oh KWON, 41 Fed.Appx. 69 (July 2, 2002).

Defendant then petitioned this court under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground of ineffective assistance of counsel. This court again considered, and again rejected, defendant's argument that he should have been allowed to withdraw his guilty plea. *See*, "Notice of Orders," United States v. Kwon, Soon Oh, *et al.*, Criminal No. 98-00044 (Feb. 1, 2000) [Docket No. 161]; "Order Denying 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct Sentence," Kwon v. United States, Civil Action No. 03-0029 (Sept. 11, 2003) [Docket No. 4].

Defendant filed a motion for reconsideration, which was denied. "Order Denying Motion for Reconsideration," Civil Action No. 03-0029 (Oct. 10, 2003) [Docket No. 6]. Defendant then sought a certificate of appealability in this court, which the court considered pursuant to Fed.R.App.P. 22(b)(1), and denied. "Order

Denying Motion for Certificate of Appealability," Civil Action No. 03-0029 (Nov. 7, 2003) {Docket No. 8]. In accordance with that Rule, a copy of the court's order, together with defendant's "Notice of Appeal; Request for the Issuance of a Certificate of Appealability," and the file of the proceedings were sent to the Clerk of Court for the U.S. Court of Appeals for the Ninth Circuit.

Defendant then sought and obtained a certificate of appealability from the Ninth Circuit. United States v. Soon Oh KWON, No. 03-17185 (May 20, 2004). The Ninth Circuit's Order granted the certificate "as to the issue whether appellant's guilty plea was rendered not knowingly and voluntary (*sic*) due to ineffective assistance of counsel." *Id.*

By decision dated February 10, 2005, the Ninth Circuit rejected defendant's claim of ineffective assistance of counsel and also found that this court's denial of an evidentiary hearing on the question was not an abuse of discretion. *Id.* The mandate issued April 5, 2005.

In the context of on-going 28 U.S.C. § 2255 proceedings, a Rule 60(b) motion for relief from judgment may be invoked when defendant wishes the district court to reconsider its denial of a first habeas corpus petition. Hamilton v. Newland, 374 F.3d 822, 823 (9th Cir. 2004), *cert. denied*, 73 USLW 3530, 125 S.Ct. 1599 (2005)). Defendant has already sought reconsideration of this court's decision, which was denied. *See, supra*. Defendant has filed two habeas corpus petitions, one here and

one in the Ninth Circuit, both of which have been considered and denied. A petitioner cannot file more than two petitions. 28 U.S.C. § 2255(4). Defendant's claim of ineffective assistance of counsel has been decided against him both here and at the Ninth Circuit. Even giving defendant the benefit of every procedural and substantive doubt, no "extraordinary circumstances" have been shown by the instant motion to warrant relief. Accordingly, defendant's Fed.R.Civ.P. 60(b) motion for relief from judgment is denied. The court will not entertain a motion for reconsideration.

IT IS SO ORDERED.

DATED this 12th day of December, 2005.

                                                ALEX R. MUNSON
                                                     Judge